## BRYAN *v.* FISHER.

*A.* leased to *B.* for a number of years a dwelling-house and two lots at a certain annual rent, and covenanted in the lease to make some additions to the buildings, and furnish some furniture for the house. The tenant entered into and occupied the premises; and the landlord sued for two years' rent. *Held,* that the landlord's not having made the additions, &c. as agreed on, was no bar to the action.

ERROR to the *Wayne* Circuit Court.

M'KINNEY, J.—Covenant on the following instrument of writing:—

"Articles of agreement made and entered into this 26th day of *April,* 1830, between *Henry Bryan* of the one part, and *Elijah Fisher* of the other part, both of *Wayne* county and state of *Indiana,* witnesseth, that the aforesaid *Henry Bryan,* on his part, agrees to let the aforesaid *Elijah Fisher* have the house and two lots that he the said *Bryan* now occupies, with all the buildings thereon, except the old house on the west end of said lot and the ground it stands on; and, further, the said *Bryan* agrees to furnish the said *Fisher* with a comfortable kitchen for the use of said house, also, a crane, also, to make a bar, and furnish the bar-room with six chairs, also, the dining table, kitchen table, and table that stands in the bar-room, for the term of five years, with the privilege of giving up said possession to said *Bryan,* at the expiration of any one year of said term. And the aforesaid *Elijah Fisher* is to have possession of said premises on the 1st day of *June* next ensuing; and said *Fisher* agrees to pay to said

*Bryan* 65 dollars for each year he the said *Fisher* occupies said premises, to be paid at the expiration of each year; and the aforesaid *Fisher* is to take good care of the above property."

The plaintiff in his declaration, in which he recites the articles of agreement, avers that although he has well kept his covenants with the defendant, and faithfully delivered to him the possession of the said premises on the said 1st day of *June,* 1830, which possession the defendant retains and ever since has retained undisturbed, and also furnished the defendant with a comfortable kitchen on said premises, &c., a crane, also made a bar and furnished the bar-room with six chairs, a dining table, kitchen table, and the table that stood in the bar-room, yet says that the defendant has wholly failed to keep his covenant with the plaintiff, in this, to wit, that the defendant hath not paid the plaintiff the sum of 65 dollars for each year he the said defendant occupied the said premises, or any part thereof, and avers that the defendant has occupied the premises two entire years, and that he has broken his covenant in this, that he has not taken good care of the premises. The plaintiff proceeds to designate and aver particular instances of waste and injury done to the premises, &c.

The defendant craved *oyer*, and demurred to so much of the declaration and its breaches, as relates to his covenant to take good care of the premises. The demurrer was sustained. He then pleaded three pleas; to the two first of which, replications were filed by the plaintiff, on which there were issues to the country. To the third plea the plaintiff demurred specially; the demurrer was overruled, and final judgment rendered in favour of the defendant.

The assignment of errors presents for our consideration the correctness of the judgment of the Circuit Court, in overruling the demurrer to the third plea, and rendering final judgment in favour of the defendant. We will confine our remarks to the third plea, as the previous proceedings in the cause are undoubtedly correct. The plea is exceedingly prolix, resulting without doubt from the view taken of his defence by the defendant, and forbids our doing more than noticing the grounds upon which it is relied on as a bar to the action.

The defendant, as to so much of the covenant and declaration as relates to the non-payment of rent at 65 dollars *per annum*, says *actio non*, because he alleges that by the deed the

plaintiff was bound to let him have the house and two lots, &c. designated in the deed, and also to furnish forthwith a comfortable kitchen, &c. for the use of the premises, for the term of five years from the 1st day of *June*, 1830, for and in consideration of the sum of 65 dollars, in annual payments; whereby it is averred "the use and occupation of all the buildings on the said lots for the term aforesaid, and the immediate furnishing of the said kitchen, and other articles in said deed of covenant mentioned, became and was a condition precedent in the said covenant, to be first performed by the said plaintiff, before the said defendant was bound to do and perform any thing on his part, or to pay the said rents." The defendant further avers, that the plaintiff did not furnish or allow him to use and enjoy all the buildings on said premises, or keep him in peaceable possession of the same, or erect said new kitchen on said premises as aforesaid, forthwith; "but, on the contrary, that the plaintiff, soon in the year 1830, tore down forcibly and removed off and from the said two lots so leased as aforesaid, a back building to the principal front building on said lots, and forcibly used and occupied the same during all the time elapsed since the date of said covenant to this time, by renting the same for 30 dollars, and receiving said rents, and for a long time, to wit, three months from the said 1st of *June*, 1830, refused to build said kitchen on said premises;" that he forcibly used and occupied the same, &c.; that during the time he has been in possession of the premises aforesaid, the plaintiff has hindered and molested him in the quiet and peaceable possession of the same, &c.

We think the plea entirely indefensible, and obnoxious to additional objections to those taken to it by the special demurrer. It presents distinct and substantial matters in bar of the action, neither of which, singly pleaded, would be sufficient. Facts should be pleaded, and not conclusions of law. From facts properly presented, deductions of law are drawn and applied to the case. Upon independent covenants, each party is entitled to an action, and when a landlord enters upon the possession of a tenant and commits a trespass, he *is* liable as a trespasser. Waiving however other objections to the plea, we will examine it only so far as it is relied upon as a bar, by its showing a condition precedent, or rather from the assumption that the covenants between the parties are dependent.

The plea assumes, that the agreement contains covenants to be performed by the plaintiff, the performance of which is essential to a recovery against the defendant, and that, therefore, the non-performance of such covenants, regarded as conditions precedent, would be a bar to the action. It is correct as a general rule, that if there be in an agreement a condition precedent, its performance is necessary to entitle a party to recover. It is therefore material to inquire, whether the articles of agreement upon which this action is brought, contain a condition precedent or not?

In determining whether covenants are independent or dependent, certain rules have been laid down, enabling Courts to reach the intention and meaning of the parties, when the instrument in its terms is vague and obscure.—1. If a day be appointed for the payment of money or part of it, or for doing any other act, and the day is to happen, or may happen, before the thing which is the consideration of the money or other act, is to be performed, an action may be brought for the money, or for not doing such other act before performance; for it appears that the party relied upon his remedy, and did not intend to make the performance a condition precedent; and so it is where no time is fixed for the performance of that which is the consideration of the money or other act. 2. When a covenant goes only to part of the consideration on both sides, and a breach of such covenant may be paid for in damages, it is an independent covenant, and an action may be maintained for a breach of the covenant on the part of the defendant, without averring performance in the declaration. The cases of *Boone* v. *Eyre*, 1 H. Bl. Rep. 273, note, and *Campbell* v. *Jones*, 6 T. R. 570, are cited as illustrations of the latter rule. From these cases, with which *Harden* v. *Hayden*, 2 Marsh. R. 359, and *Payne* v. *Bettisworth*, ib. 427, are accordant, it is settled "that where a party has received a part of the consideration for which he entered into the agreement, it would be unjust that because he has not had the whole, he should therefore be permitted to enjoy that part, without either paying or doing any thing for it; and moreover, as remarked in *Campbell* v. *Jones*, the damages sustained by the parties would be unequal, if such covenant were held to be a condition precedent." The law thus settled, does not in its operation leave the party, who is compelled to perform

Nov. Term, 1833.

BRYAN
v.
FISHER,

his agreement, without a remedy, for he can recover damages for a loss in not having received the whole consideration.

Applying either of the rules to the agreement in this case, it is demonstrable that the covenants must be regarded as independent, and the plea consequently bad. Here, the giving of the possession of the house and lots was the principal covenant on the part of the plaintiff; it stands distinct; the inducement to the covenant of the defendant, and the furnishing the kitchen, crane, &c. is a part only of the consideration of the defendant's contract, contributing certainly to the enjoyment of the premises, but without which the premises are of value. The defendant was to have possession on the 1st day of *June*, and the plaintiff was to furnish a kitchen, &c. but at what time is not mentioned; the law would require within a reasonable time. If that time be unreasonably and injuriously to the interests of the defendant, protracted, he has his remedy by action. It would form only a part of the consideration of the defendant's contract, and not operate as contended a bar to the plaintiff's action. Suppose the crane not to have been furnished, or either of the tables mentioned, should the defendant have the enjoyment of the premises two years and not be liable for rent? Such a conclusion is palpably repugnant to the feelings, and surely in conflict with the intention and meaning of the parties. If these secondary objects, promotive of the enjoyment of the defendant, were not provided, when, in the interval between the execution of the articles of agreement and the 1st of *June* ensuing, time sufficient may have been afforded, why take possession unless he looked to his remedy by action, or why continue in possession two years as admitted?

By either of the rules for expounding contracts, the defendant is concluded. By the first, from his covenant to pay 65 dollars rent, annually, during the term of five years, he continuing in the possession of the premises; and by the second, because the plaintiff's undertaking to furnish the kitchen, &c. constituted only a part of the consideration of the defendant's contract.

The plea being insufficient, we are of opinion that the demurrer should have been sustained, and the pending issues tried.

BLACKFORD, J., being indisposed, was absent.

*Per Curiam.*——The judgment is reversed with costs. Cause remanded, &c.

*J. Rariden* and *O. H. Smith*, for the plaintiff.

*M. M. Ray*, for the defendant.

(1) The assignee of *Thomas Cresswell*, a bankrupt, brought an action of covenant against *H. R. Cresswell* on an agreement, by which *T. C.* assigned to *H. R. C.* a certain *Scotch* fishery, and agreed not to interfere in the business so assigned; and in consideration of the said assignment and covenant, *H. R. C.* agreed to pay *T. C.* an annuity of £250, by quarterly payments. Breach, the non-payment of £62 10s. for the quarter ending, &c. Plea, that before the £62 10s. became due, *T. C.* interfered with and acted in the trade assigned to the defendant. Demurrer to the plea.

*Park*, J.—"In this case our judgment must be for the plaintiff. Whatever confusion may prevail among the earlier cases on the subject of dependent or independent covenants, the rule seems now to be well understood, as ably and clearly laid down by Mr. Sergt. *Williams* in his note to *Pordage* v. *Cole*, 1 Wms. Saund. 320 b. ; namely, 'That where a covenant goes only to part of the consideration on both sides, and a breach of such covenant may be paid for in damages, it is an independent covenant, and an action may be maintained for a breach of the covenant, without averring performance in the declaration.' In the present case, the engagement not to interfere in the *Scotch* fish business formed only a part of the consideration for the defendant's covenant. Another and most material part was the assignment of the *Scotch* fishery, and the case falls directly within the principle established by *Boone* v. *Eyre*. There, the plaintiff having conveyed to the defendant the equity of redemption of a plantation in the *West Indies*, together with the stock of negroes thereon, and having covenanted that he had a good title to the whole, and that the defendant should quietly enjoy, the defendant covenanted to pay an annuity to the plaintiff on his performing every thing on his part to be performed. In an action for non-payment of the annuity, the defendant pleaded that the plaintiff was not, at the time of the conveyance, legally possessed of the negroes, and so had not a good title to convey : but the plea was held ill on demurrer; the Court of king's bench observing, that if such a plea were allowed, want of title to any one negro would bar the action. So here, if *T. Cresswell* had sold only one barrel of fish, it might with equal propriety be urged as a bar to the present action."

The other cases cited and commented on by the judge, are *Campbell* v. *Jones*, 6 T. R. 570.—*Glazebrook* v. *Woodrow*, 8 T. R. 366.—*Havelock* v. *Geddes*, 10 East, 555.—*Fothergill* v. *Walton*, 2 B. Moore, 630. And he concludes as follows : "The substantial part of the agreement, in the present instance, is the assignment of the fishery in *Scotland;* I am therefore of opinion, that, according to all the cases, our judgment must be for the plaintiff."

The other judges expressed similar opinions and referred also to *Kingston* v. *Preston*, Doug. 690, and *The Duke of St. Albans* v. *Shore*, 1 H. Bl. 270. And *Gaselee*, J. said—"The annuity to be paid by the defendant was in consideration of two things: one, the assignment of the fishery in *Scotland;* the other, *T. Cresswell's* giving up that branch of business. Upon the authority of

Nov. Term, 1833.

all the cases, therefore, the relinquishment of the business not forming the whole of the consideration for the payment of the annuity, the covenant not to interfere must be esteemed an independent covenant." *Carpenter, Assignee of T. Cresswell*, v. *H. R. Cresswell*, 4 Bingh. 409.