Chase *v.* Debolt.

HENRY J. CHASE, appellant, *v.* GEORGE DEBOLT, appellee.

*Appeal from Peoria.*

On a trial before a justice of the peace, the defendant in the suit was made a witness by the plaintiff, according to the provisions of the statute. On appeal to the Circuit Court, the plaintiff, to prove his claim, introduced the justice to testify in relation to the admissions of the defendant, made under oath at the trial before him. Objection was made, but the justice was permitted to testify: *Held* correct, as it did not contravene the general rule excluding hearsay.

The Court will never disturb a verdict upon facts for any slight preponderance of testimony. But if there is a strong preponderance, the verdict will be set aside, especially where apparent injustice has been done.

Agents may become liable for contracts made for their principals, where they conceal, or do not disclose their character, and it is unknown to the party with whom they contract; and they may also, by the nature and character of the contract entered into. But it is immaterial whether the agent disclose his character or his principal, if it be actually known at the time to the other party; in such a case, the agent will not be bound, unless he enter into such a contract as will bind him at all events.

THIS was a suit originally brought before a justice of the peace of Peoria county, by the appellee against the appellant, when judgment was rendered for the plaintiff below, for $75·93¾.

The case was appealed to the Circuit Court, and heard before the Hon. John D. Caton and a jury, at the October term 1845. Verdict and judgment for the plaintiff, for the amount recovered before the justice.

A summary of the evidence will be found in the Opinion of the Court.

*E. N. Powell & W. F. Bryan,* for the appellant, cited Rev. Stat. 325, §§ 39–41, 68, 69, and made the following points:

The declarations of a witness sworn to on a trial between the same parties, if the witness be alive, cannot be given in evidence. *Wilbur* v. *Selden,* 6 Cowen, 162; *Woodward* v. *Payne,* 15 Johns. 493.

The confessions, or the declarations of a party dangerous evidence, and received with great caution. *Law* v. *Merrill,* 6 Wend. 277; *Stone* v. *Ramsey,* 4 Monroe, 239; *Myers* v. *Baker,* Hardin, 549; *Bates.* v. *Todd's Heirs,* 4 Littell, 186; *Grimes* v. *Talbot,* 1 A. K. Marsh. 206; *Carter* v. *Buckner,* 3 Blackf. 315; 1 Greenl. Ev. 93.

*A. Lincoln,* and *H. O. Merriman,* for the appellee.

Where substantial justice has been done between the parties, a new trial will not be granted. *Smith* v. *Shultz,* 1 Scam. 491.

The Court will not disturb a verdict on account of excessive damages. *Schlencker* v. *Risley,* 3 Scam. 487; *Leigh* v *Hodges,* Ib. 18.

Where an agent holds himself out as principal without dis closing his agency, he will be personally responsible. Stor on Con. § 314; Story on Agency, §§ 266, 267.

If a person contract in his own name, he will be personally responsible, although the fact of his agency be known at the time of the contract. Story on Con. § 315, and authorities there cited.

The Opinion of the Court was delivered by

SCATES, J.* Debolt sued Chase before a justice of the peace for $75·93¾ on an account for work and labor done upon Jubilee College. On the trial before the justice, Chase

---

* WILSON, C. J., and LOCKWOOD, J., did not sit in this case.

was made a witness by Debolt, according to the provisions of the statute. On the trial in the Circuit Court before a jury, the Court permitted the justice to testify to what Chase had sworn on the trial before him. This was excepted to and assigned for error.

There can be no doubt but that this was correct; and it does not contravene the general rule excluding hearsay. One witness cannot testify to what another witness had sworn on a former trial, especially when that witness is alive and may be called, for this would be hearsay, if offered as evidence in chief. But the rule does not extend to the admissions of the party. What the party may have stated, although under oath as a witness, is most clearly admissible as an admission, although compulsory. 2 Stark. Ev. 22; 1 Camp. 30; 4 do. 10; 4 Esp. C. 172, 212; Atk. 200; Cooke, 200; 11 Ves. 521; 1 Stark. C. 366; 3 Eng. Com. Law R. 385; 1 Phil. Ev. 89; 2 Phil. Ev. 161, note 170.

The decision in 3 Blackf. 315, to the contrary, I do not regard as sound law, nor reconcileable with principle or the books. Surely the additional solemnity and sanction of an oath to the admission ought not to destroy its credit or its admissibility; otherwise, all answers to bills of discovery, and analagous cases, would be excluded as incompetent. An examination, therefore, although compulsory, will not exclude the admission that may be made. See the same authorities cited above. The rule laid down in 15 Johns. 493, and 6 Cowen, 162, excluding proof of what a witness swore on a former trial, if he be not dead, does not apply to admissions like these, made by the party.

The refusal of the Court to grant a new trial is also assigned for error. All the evidence is set out in the bill of exceptions. The plaintiff's whole bill of items amounted to $75·93¾, which was all allowed by the jury. From the evidence, it appears that Chase was the agent of Bishop Chase in hiring labor and superintending the work on Jubilee College. Debolt asked Bennett, a clerk in the store at Jubilee, if he could get work on the College. Bennett answered that he supposed he could, but that Henry J. Chase was the agent

who employed all hands. He went to Chase, who employed him, but he did not tell him that he was agent for the Bishop. Debolt frequently received pay from the Bishop. The account of labor was always returned to Bennett to the store, and he gave orders upon the Bishop for the pay; when he had not the change, he would send to the store, and Bennet would pay. One order for $8 given Debolt on the Bishop for work, had been returned receipted by Debolt; and also another receipt had been given by Debolt for one dollar received of Bishop Chase. Witness supposed that when Debolt was receiving pay for his labor, he knew he was receiving it of Bishop Chase. He further testified that Henry J. Chase had had no work done for him by Debolt.

Daniel Blucher, another witness, testified that he had worked on Jubilee College; that Debolt commenced in the fall and worked until spring, during the time witness worked; that witness had been employed by H. J. Chase; that he knew he was working for the Bishop, and Debolt also knew that he was working for Bishop Chase; that witness had always received his pay from the Bishop, and never from H. J. Chase, although he had worked some days on the College farm.

The admissions of the plaintiff, Chase, proven by the justice were, that he had employed the defendant, Debolt, to work on the College, as the agent of Bishop Chase, but did not inform defendant at the time that he was only an agent, but the work was done for the Bishop; that defendant never worked for him, and he owed him nothing, and that defendant had received from the Bishop the greater portion of his pay. The Court never interferes with verdicts upon facts, for any slight preponderance of testimony. But where there is a strong preponderance of testimony it will set verdicts aside, especially where apparent injustice has been done.

Agents may become liable for contracts made for their principals, where they conceal or do not disclose their character of agent, and it is unknown to the party with whom they contract, and they may also by the nature and character of the contract entered into. But it is quite immaterial

whether the agent disclose his character or his principal, himself, if it be actually known at the time to the other party. In such case the agent will not be bound, unless he enter into such a contract as will bind him at all events.

In this case, we cannot doubt that Debolt knew at the time he was employed, that plaintiff was merely an agent, for he had before been so informed by Bennett, and he afterwards took orders to, and received payment of the Bishop. The fact of plaintiff's agency was known to a co-laborer, and from these circumstances, the preponderance of testimony to establish these facts, is clear, strong, and irresistible upon the record. And establishing this fact discharges the plaintiff from all liability, as there is nothing in the nature of this simple hiring to charge him. In another particular the verdict is manifestly against the weight of evidence. The jury have allowed the plaintiff's whole account, although two receipts were in evidence, showing that he had been paid nine dollars.

Upon the facts in the record, we feel compelled to reverse the judgment and award a new trial. Judgment reversed with costs, and cause remanded with directions to award a *venire de novo.*

<div align="right">

*Judgment reversed.*