## JOSEPHINE W. WHEAT
### v.
## MARY JANE SUMMERS.

1. ADMISSIONS.—Where appellee had been examined as a witness in a suit between other parties touching the consideration of the same note now in suit, and in her testimony had made statements which were deemed by counsel for appellant as favorable to her side of the case. *Held*, that such evidence was admissible. The admissions of a party to a fact, no matter where or how made, are evidence against him; whether found in an answer in chancery, in a letter, or proved in some other way.

2. INSTRUCTION.—As it was immaterial to appellant's successful answer to the plea in question whether Ewing did or did not perform the services he agreed to perform after the note should be given, the modification of the instruction by the court was erroneous.

3. PLEADING.—Where a total failure of consideration is set up by plea, the consideration must be proved as alleged; and if the evidence shows that the plea does not set out the whole consideration, but that some element entered into it which is not alleged, the defense under that plea is not sustained.

APPEAL from the Circuit Court of Adams county; the Hon. J. H. WILLIAMS, Judge, presiding. Opinion filed September 21, 1883.

Messrs. WHEAT & MARCY, for appellant; that the verdict of the jury was against the evidence, cited Wade v. Atkins, 58 Ill. 65; Evans v. George, 80 Ill. 51; Bonnell v. Wilder, 67 Ill. 330; McFarland v. The People, 72 Ill. 368.

As to the exclusion of defendant's deposition: 1 Greenleaf on Evidence, 10th ed. § 462; Stone v. Cook, 79 Ill. 429; Robbins v. Butler, 24 Ill. 427; Craig v. Rohrer, 63 Ill. 326; I. C. R. R. Co. v. Cobb, 64 Ill. 146.

As to evidence: Ray v. Bell, 24 Ill. 450; 1 Greenleaf on Evidence, 10th ed. § 445; Stafford v. Fargo, 35 Ill. 486.

As to burden of proof: 1 Greenleaf on Evidence, 10th ed. § 74; Watt v. Kirby, 15 Ill. 202; Bonnell v. Wilder, 67 Ill. 330; Hough v. Gage, 74 Ill. 258; Kinney v. Turner, 15 Ill. 182.

As to instructions: Farnan v. Childs, 66 Ill. 544; 1 Greenleaf on Evidence, § 51; Moshier v. Kitchell, 87 Ill. 22; Nollen

v. Wisner, 11 Ia. 190; Iron Mt. Bk. v. Murdock, 62 Mo. 74; C. & A. R. R. Co. v. Mock, 72 Ill. 144; Toledo R'y Co. v. Shuckman, 50 Ind. 42; Price v. Mahoney, 24 Ia. 582; Pittsburg, etc., R'y Co. v. Krouse, 20 Ohio St. 223; Bartlett v. Cunningham, 85 Ill. 24; Hough v. Gage, 74 Ill. 258; Kinney v. Turner, 15 Ill. 182; Parker v. Fisher, 39 Ill. 171.

Messrs. PRENTISS & BAILEY and Mr. J. C. THOMPSON, for appellee; cited Arnold v. Franklin, 3 Bradwell, 141; Pearson v. Johnson, 7 Johnson Ch. 26; Blanchard v. Williamson, 70 Ill. 647; Ball v. Benjamin, 73 Ill. 39; Eddy v. Roberts, 17 Ill. 505.

The evidence supports the verdict and should not be disturbed: Creote v. Willey, 83 Ill. 444; McKichan v. McBean, 45 Ill. 228; Keith v. Fink, 47 Ill. 272; Hope Ins. Co. v. Lonergan, 48 Ill. 49; McCarthy v. Mooney, 49 Ill. 247; Morgan v. Ryerson, 20 Ill. 343; Toledo, etc., R. R. Co. v. Moore, 77 Ill. 217; Kightlinger v. Egan, 75 Ill. 141; Summers v. Stark, 76 Ill. 208; Simons v. Waldron, 70 Ill. 281; McNellis v. Pulsifer, 64 Ill. 494.

Where the testimony is conflicting and there is evidence to sustain the verdict, it should not be disturbed: Black v. Crom, 24 Ill. 48; Sourette v. Crouthers, 29 Ill. 487: DeClerg v. Mungin, 46 Ill. 112; Wallace v. Wren, 32 Ill. 146; Sheeran v. C. & M. R'y Co. 48 Ill. 523; Bunker v. Green, 48 Ill. 243; White v. Clayes, 32 Ill. 325; Hayes v. Houston, 86 Ill. 487; Hunett v. Estelle, 92 Ill. 218; Joequin v. Davidson, 49 Ill. 82; Carpenter v. Davis, 71 Ill. 395; McNally v. O'Brien, 88 Ill. 237; Blanchard v. Pratt 37 Ill. 243; Dishon v. Schorr, 19 Ill. 59; Beseler v. Stephani, 71 Ill. 400; Collighan v. Evans, 71 Ill. 397.

McCULLOCH, P. J. This was a suit brought by appellant against appellee to recover upon a promissory note, for the sum of $1,500, made payable to one William G. Ewing, by whom the same was indorsed after maturity. It appears from the evidence that said Ewing had been in partnership, in the practice of the law, with Alexander E. Wheat, the husband of

appellant, and one Elisha B. Hamilton; that in a suit that sprang up between them relating to their partnership affairs, some testimony was taken as to the consideration and the amount then due upon the note in controversy in this case; that appellee was examined as a witness touching the question then in controversy, and that in the course of her examination she testified that the note was given for the services of Mr. Ewing, in the trial of a case in Missouri, wherein one Ambrose Coe stood indicted for the murder of a sister of appellee.

When sued upon the note she interposed several pleas in her defense, one of which, the fifth, was a plea of total failure of consideration for the note sued on. This plea set up the fact that the sole and only consideration of the note was an agreement entered into by said Ewing with appellee relating to his fees in the murder case in Missouri, about which appellee had testified in the former suit. It alleges that before, and at the time of the making of said note, said Ewing had been and was the attorney for one Nathaniel Summers in said suit; that he had already earned some fees therein; that appellee being desirous that said Ewing should not make any charge against said Nathaniel Summers for his services already performed, or that he might in the future perform therein, it was agreed between appellee and said Ewing that if appellee would give him her note for $1,500 for his fees in said cause, he (Ewing) would never make any charge or claim against said Nathaniel Summers for his services in said cause; that in consideration of this agreement on the part of Ewing and for no other consideration whatever, the note in suit was given; that after the maturity of said note, said Ewing brought suit against said Nathaniel Summers for the sum of $2,000 for his fees in the said murder case; that the same was settled and compromised for the sum of $500 paid by said Nathaniel Summers to said Ewing, in full satisfaction and discharge of his fees aforesaid, wherefore it is alleged that the consideration of the note sued on has wholly failed.

To this plea two replications were filed by leave of the court. First, that the note was not given for the considera-

tion alleged in the plea and for none other. Second, that appellee assented to the bringing and prosecution of the suit of said Ewing against said Nathaniel Summers in the plea mentioned. Issues were joined upon both these replications, but we are of the opinion that the second presents an immaterial one, and that the court did right in so treating it, as was done by its refusal to give the ninth instruction asked by counsel for appellee.

The only issue to be tried upon this plea was that raised by the first replication. On the trial, appellee testified in support of her plea and gave some very cogent reasons why the alleged agreement had been entered into between her and Ewing. Her father, the said Nathaniel Summers, whose daughter had been murdered, and who had employed Ewing to prosecute her alleged murderer, was old and much harassed, so that at times it appeared as if he was losing his mind, and in order to relieve him of this additional source of trouble, she gave the note in question, upon the sole consideration of Ewing's agreement not to call upon him for fees, but to look to her alone; but at the same time he was to take what her father voluntarily offered and to credit the same upon the note.

On the part of appellant, Mr. Ewing testified that the note was given at a time when he talked some of going out of the murder case, in consequence of the great expense it was entailing upon appellee's father, and from the fact that there were other able lawyers engaged in the case; that he had never had any definite understanding with him about fees, and that he so stated to appellee, and that he thought it better before going farther to have some understanding concerning his compensation; that thereupon appellee requested him not to see her father, and proposed, in connection with her sister, to secure his fees, but upon further consideration proposed to give her own note alone for his fees in the case, which he accepted. He denies having made the agreement set out in the plea, but says appellee did not want her father spoken to about it until after the murder trial, but then he was to be at liberty to call upon him for his fees.

Upon this point of disagreement in their testimony between the two principal parties to the transaction, the defense set up by this fifth plea hinges. Each party had a right to all legitimate evidence bearing upon this pivotal point in the case. In support of the testimony of Ewing, appellant called her husband, A. E. Wheat, who testified to certain declarations made by appellee concerning the note in suit, in which it was claimed she had admitted the balance of the note to be due and payable, after crediting the $500 paid by her father in settlement of the suit against him in favor of Ewing.

These were the only witnesses called by appellant. Thereupon appellant's counsel offered in evidence the deposition of appellee taken in the case of Wheat v. Ewing and Hamilton, before mentioned, and the same was excluded. To this ruling of the court exception was taken in apt time, and it is now assigned as one of the causes why the judgment should be reversed.

The introduction of the note in evidence made a *prima facie* case for appellant. The plea of a total failure of consideration was an affirmative averment, which threw upon appellee the burden of proving what the real consideration of the note was. Having introduced her evidence upon that point, the way was open for appellee to rebut it, by every kind of legal evidence pertinent to that issue. If appellee had stated at any other time or place that the consideration of the note was different from what she had testified to on the witness stand, her admissions would have been competent evidence against her. Such admissions are evidence in chief upon the issues joined, and do not go alone to the credibility of the witness. As was said by the Supreme Court in Robbins v. Butler, 24 Ill. 387–427: " The admissions of a party to a fact, no matter when made or how made, are evidence against him, no matter if they be found in an answer in chancery, in a letter, or proved in some other mode."

They are still his admissions, and can be used against him. So in Chase v. Debolt, 2 Gilm. 371. In a trial before a justice of the peace, the defendant was made a witness by the plaintiff, according to the provisions of the statute. On appeal to

Wheat v. Summers.

the circuit court, the plaintiff, to prove his claim, introduced the justice to testify in relation to the admissions of the defendant, made under oath, at the trial before him. It was held that what the party may have stated, although under oath, as a witness, is most clearly admissible as an admission, although compulsory. In support of this the following authorities are cited in the opinion of the court: 2 Starkie on Ev. 22; 1 Camp, 30; 4 do. 10; 4 Esp. C. 172, 212; Atk. 200; Cooke, 200; 11 Ves. 521; 1 Stark. C. 366; 3 Eng. C. L. 385; 1 Phil. Ev. 89; 2 do. 161, note 170.

In the present case appellee had been examined as a witness in a suit between other parties touching the consideration of the same note now in suit, and in her testimony had made statements which were deemed by counsel for appellant as favorable to her side of the case. We are acquainted with no rule of law, and are cited to no authorities by counsel for appellee, to the effect that such statements are inadmissible. They were offered in apt time and, so far as the record shows, no objection for want of preliminary proof was made. But like all other admissions they are subject to explanation by any competent evidence.

Complaint is also made that the court erred in modifying certain of appellant's instructions, before reading them to the jury. The fourth and fifth special pleas, both of which were pleas of failure of consideration, alleged in substance that the sole consideration of the note was the agreement of Ewing that he would never make any charge or claim against Nathaniel Summers for his services in said murder case, and then stated the manner of failure of such consideration. The first replication to each of these pleas alleged that said agreement was not the sole consideration for said note. If any other element entered into the consideration than the agreement alleged, it is plain that the alleged failure occasioned by Ewing's breach of his said agreement would not reach to the whole consideration of the note, and the defense set up by the plea would not be sustained. Appellant's counsel asked the court to instruct the jury, that if a part of the consideration of the note was an agreement between Ewing and ap-

pellee that the former should continue to render services in the prosecution of Coe after the making of said note, then the jury should find for appellant as to the alleged failure of consideration. This instruction the court modified by adding the proviso that Ewing had rendered the services he agreed to perform after the execution of the note. The plea alleged that Ewing had agreed to do one thing which he had failed to do, and since his agreement to do that one thing was the sole consideration for the note, that therefore the consideration had wholly failed. The instruction informed the jury that appellee must prove the consideration as laid in the plea, and if they believed from the evidence that a part of the consideration was an agreement to do that which the plea alleged and something in addition thereto, the plea was not sustained, for in that case the plea had not set out the entire consideration, and the failure to do that which the plea alleged to be the sole consideration of the note would not show a failure of that part of the consideration not alleged in the plea. It was therefore immaterial to appellant's successful answer to said plea whether Ewing did or did not perform the services he agreed to perform after the note should be given. We are therefore of the opinion that the modification of this instruction was erroneous.

In view of what we have already said as to the immateriality of the issues sought to be raised by the second replication to these two pleas, we do not deem it necessary to notice the other errors assigned. For the reasons already given the judgment will be reversed and the cause remanded.

Reversed and remanded.