## Mathilda Benson Gates v. David Gilmour.

1. PRACTICE—*Of Bringing Suits in Remote Parts of the County.*—
The practice of bringing suits by plaintiffs residing in Chicago against
other residents of Chicago before justices of the peace having their
offices in remote parts of the county is not of itself sufficient ground for
reversing a judgment, but it is sufficient to make a court of review
very ready to reverse for error apparent in the record.

2. EVIDENCE—*What is Proper for Purpose of Impeachment.*— It is
proper for purposes of impeachment to show that a witness has, at a
time and place specified, testified in contradiction to the testimony
given upon the trial in question.

Assumpsit.—Trial in the County Court of Cook County, on appeal
from a justice of the peace; the Hon. E. B. GOWER, Judge, presiding.
Verdict and judgment for plaintiff; appeal by defendant. Heard in
this court at the March term, 1899. Reversed and remanded. Opinion
filed December 14, 1899.

C. S. O'MEARA, attorney for appellant.

DAVID GILMOUR, attorney for appellee.

MR. PRESIDING JUSTICE SEARS delivered the opinion of
the court.

This is an appeal from a judgment of the County Court
upon an appeal to that court from a judgment of a justice
of the peace. The litigants reside in Chicago. Appellee
has brought three suits for the claim in question before jus-
tices of the peace. The first two were dismissed. The
third was brought before a magistrate having his office in
Melrose, some ten miles from Chicago. The defendant
(appellant) did not attend the trial there, and a judgment
was obtained against her for $40. Upon appeal by her, a
verdict and judgment were obtained against her in the
County Court for $68.

The practice of bringing suits by plaintiffs residing in
Chicago against other residents of Chicago before jus-
tices of the peace having their offices in remote parts of
the county, is scandalous. The fact that this practice was

followed in this case is not of itself sufficient ground for reversing the judgment appealed from; but it is sufficient to make a court of review very ready to reverse for error apparent in the record. Appellee took judgment for $40 only, before the justice of the peace, when appellant did not appear. Upon the trial in the County Court he testified to charges for services amounting to $142. Upon his cross-examination he was asked by appellant's counsel if he did not testify before the justice of the peace at Melrose that appellant was indebted to him in the sum of $40. Upon objection to this question the trial court excluded answer thereto, and appellant preserved her exception to that ruling. The ruling was erroneous. It is proper for purpose of impeachment to show that a witness has, at a time and place specified, testified in contradiction to the testimony given upon the trial in question. Pressly v. Powers, 82 Ill. 125; Aneals v. The People, 134 Ill. 401; C. C. Ry. Co. v. McLaughlin, 146 Ill. 353; The C. Ry. Co. v. Allmon, 147 Ill. 471; A., T. & S. F. R. R. Co. v. Feehan, 149 Ill. 302.

In this case it would be competent as an admission. Chase v. Debolt, 7 Ill. 371; Wheat v. Summers, 13 Ill. App. 444, and authorities therein cited.

For error in excluding this testimony the judgment is reversed and the cause is remanded.