CHARLES WATERMAN and REUBEN BARRETT, appellants, *vs.*
FREDERICK T. PEET and SAMUEL H. HITCHCOCK, appellees.

*Appeal from Kane.*

In a declaration on a contract specifically made payable in the county where the action is
brought, it is not necessary to aver that the plaintiff resides in such county, to justify the
emanation of process to a foreign county. The place of payment controls the jurisdic-
tion.

The statements of an agent, made to a stranger to a transaction, at another time, and after
the transaction was concluded, are not admissible, to affect his principals. But his decla-
rations, made at the the time of a transaction, might bind his principals, and would there-
fore be evidence.

This was an action of assumpsit, brought in the Kane Circuit
Court, by appellees against appellants, to recover the amount of
a promissory note, made payable at the office of Ed. E. Harvey,
at Elgin, Kane county, Illinois.   Process was issued to the
counties of Stephenson and Winnebago, where the defendants
below resided and were served.   The declaration averred,
"that the said promissory note upon which this action is com-
menced, was and is made specifically payable in the county of
Kane aforesaid, and within the jurisdiction of this Court."   The
defendants pleaded, in defence to the action, that the note was
fraudulently obtained, for a sum too large by $100, by the aid
of one Harvey, acting as the agent of the plaintiffs below.   To
support this plea, defendants proposed to prove admissions to a
witness, not a party to the notes, made by·Harvey the next day
after the note was given, as to how the execution thereof was
obtained.   This was objected to, and objection sustained.
Cause heard before Theophilus L. Dickey, Judge, and a jury,
at the December special term of the Kane Circuit Court, 1849,
and a judgment recovered for $357 50.   Defendants below
prayed this appeal.

LOOP & HURLBUT, for appellants.

MANNIERE and MEEKER, for appellees.

Opinion by TREAT, C. J.:

The objection to the jurisdiction of the Circuit Court, if the
appellants can now insist upon it, is not well taken.   It was de-
cided in the case of Key *vs.* Collins, 1 Scammon, 403, that, in
a declaration on a contract specifically made payable in the

county where the action was brought, it was not necessary to aver that the plaintiff resided in such county, to justify the emanation of process to a foreign county. The Court, in such case, has jurisdiction, without regard to the residence of the parties. It is the place of payment which controls the jurisdiction, and authorizes process to issue to a foreign county against the debtor.

It is assigned for error, that the Court erred in refusing to dismiss the suit, because the summons was made returnable to a special term, appointed in vacation. It is a sufficient answer, to say, that this question is not presented by the record. The record shows that the process was made returnable to a special term, but it fails to show how that special term was appointed. The statute expressly provides, that suits may be brought and process made returnable to a special term, appointed at the preceding regular term of the Court. R. S., ch. 29, sec. 43. Whether process may issue, returnable to a special term, ordered by the judge in vacation, is another question, about which we shall not now intimate an opinion. If the term in question was appointed in vacation, the appellants should have introduced the evidence of that fact into the record, by a bill of exceptions, or otherwise.

The Court decided correctly in excluding the declarations of Harvey. His statements were mere hearsay, not a part of the *res gestae*, and were, therefore, not binding on the appellees. They were not representations made to the appellants, on the faith of which they acted, but declarations made to a third person, having no interest in the subject matter about which they were made. The declarations of Harvey, made when the settlement took place and the notes were executed, may have influenced the conduct of the appellants, and were, therefore, binding on the appellees, and admissible as original evidence ; but his statements to a stranger, made at another time, and after the particular transaction was concluded, were not the acts of his principals, and, therefore, inadmissible. 1 Greenleaf on Evidence, sec. 113; Story on Agency, sec. 135.

We perceive no error in the instructions of the Court.

The judgment is affirmed, with costs.

*Judgment affirmed.*