50   264
21a 458
22a 469

# THE KEOKUK PACKET COMPANY

*v.*

# JOHN HENRY.

1. NEGLIGENCE—*of mutual negligence.* In an action to recover damages result-ing to a person while leaving a steamboat, the injury being occasioned by a want of proper time and facilities for landing, it was *held,* that although the boat was violating the law by racing with another boat, and by reason thereof its stoppage at the usual landing place was abridged, so that the plaintiff had not a reasonable time allowed him to leave the boat in the usual manner by the staging, still that did not relieve him from the duty of exercising proper care and prudence in leaving the boat. The fact that a person is not afforded a safe mode of landing from a boat, does not authorize him to adopt another mode which is also dangerous.

2. The rule in such cases is, if the plaintiff has been guilty of negligence, he cannot recover unless that of the defendant is greatly in excess.

3. PRESUMPTIONS—*as to persons going on board a steamboat—whether as passen-gers.* When a steamboat lands at one of its usual stopping places for taking on passengers and freight, it is not a presumption of law that every person who goes on board does so as a passenger, unless he notifies an officer of the boat to the contrary, so as to relieve the officers from the duty of giving to such as do not come aboard as passengers, proper time and facilities for getting ashore.

APPEAL from the Alton City Court; the Hon. HENRY S. BAKER, Judge, presiding.

This was an action on the case brought in the court below, by John Henry, against the Keokuk Packet Company, to recover damages for an injury to the plaintiff, resulting, as is alleged, from the negligence of the officers of one of the boats of the company, in not affording the plaintiff proper time and facilities for leaving said boat. The declaration contains four counts, the first of which sets forth, substantially, the alleged cause of action, as follows: That on the 1st of June, A. D., 1867, the defendant was, and still is a corporation, under the name and style of the Keokuk Packet Company, owning and possessed of a line of passenger packets, which it operated. Plaintiff avers, on the day and year aforesaid, he accompanied a lady, his daughter, who then and there became a passenger on the steamer Rob Roy, a passenger packet, owned and operated by the defendant, in said line; that as soon as said boat was landed at the wharf at the City of Alton, with all reasonable care and diligence, went on board said boat to conduct and escort said lady, his daughter, safely to the cabin of said boat, as it was customary in such cases to do.

Plaintiff avers that while he was in the act of escorting said lady on said boat, and up the stairs to the cabin thereof, without delay or stoppage, and with due diligence and care, said boat directed and managed by the servants of the defendant, then and there began to back out from the landing without the knowledge of the plaintiff; and plaintiff avers that it was the duty of the defendant to ring a bell or blow a whistle attached to said boat, before said boat began to leave the landing, in order to give warning to parties having temporary business on board said boat.

The plaintiff avers that said boat, so under the direction and management of the servants of the defendant, was then and there making a race of the trip from St. Louis, to ports of destination up the Mississippi river with another boat, and that defendant conducted the boat Rob Roy with such gross carelessness and negligence in preparing to leave, and in

leaving the landing, by not giving warning as aforesaid, nor otherwise thereof, that plaintiff did not, and could not become aware of such preparation and departure until the Rob Roy was in motion and backing away from shore. Plaintiff avers that with all due and proper diligence he had not time to reach the top of the stairs leading from the boiler deck of said Rob Roy to the cabin deck thereof, with his daughter, when he first perceived said boat in .motion. That upon becoming aware said boat was in motion and leaving shore, he turned, and with all reasonable diligence and care retraced his steps to the guards of said boat to the proper and usual place for getting on and off said boat, for the purpose of being allowed to depart and alight from said boat in the proper manner. Plaintiff avers that the stage-planks, and other planks used for getting on and off said boat, were drawn on to said boat, and that the servants of defendant directing and managing said boat were present and aware that he desired to alight from said boat and get on shore, but defendant did not stop the boat and land him in the usual and proper manner, or in any other way, or offer so to do; but refused so to do, and continued to recede from shore and forced plaintiff to leap to shore from the guards of said boat, to prevent himself from being carried away from home, and subjected to privations and false imprisonment. And plaintiff avers that in so leaping, with all prudence, care and diligence, from the guards of said boat to the shore, he, the plaintiff, was violently thrown to the ground and his ankle dislocated and several bones of his leg fractured, and the plaintiff otherwise injured.

Among other instructions given for the plaintiff, were the following:

" 2nd. That it is unlawful for one boat to run a race with another, and if the jury believe from the evidence, that the Rob Roy was engaged in a race with the Phil. Sheridan on the trip at the time the injury complained of happened to the plaintiff, and that on account of such racing the officers in

charge of the Rob Roy did not allow said boat to remain at the levee a reasonable length of time to enable the plaintiff, with proper diligence, to escort his daughter to the cabin of the boat and return and get off the boat in the usual and customary manner, and in consequence thereof the plaintiff was injured, as set forth in the declaration, they will find for the plaintiff, and assess his damages in such an amount as in their judgment he is entitled to under the testimony."

" 6th.   If the jury believe, from the evidence, that the boat was in motion, and that the stagings were on board or being drawn on, and that it would have been as dangerous for the plaintiff, under the circumstances, to get off the boat by way of the staging as it was in getting off the way he did, they will find for the plaintiff as to that fact."   To the giving of which instructions the defendant at the time excepted.

The following instructions asked by the defendant, were refused :

" 5th.   When a boat has regular stopping places in order to take on passengers and freight, the presumption of law is that a person who goes on the boat at any of the stopping places, goes on as a passenger, unless he has given notice that such was not his intention ; and if the jury believe from the evidence in this case, that the plaintiff when he went on the boat had not given any notice to the defendant, that he was not going as a passenger on the boat, the defendant has a right to presume he intends to go on as a passenger, and all that the defendant was liable to do was to see that the plaintiff was safely and properly on the boat, and that when on, it was no negligence on the part of the defendant, if the staging was pulled in, or no bell was rung warning the plaintiff to leave."

" 6th.   The defendant, as a common carrier, is bound to give all passengers getting on or off its boat, a safe and proper mode of ingress or egress; but the presumption of law is, unless the defendant is notified to the contrary, that

a person who goes on board of the boat at any of its usual stopping places, where the boat takes on freight and passengers, goes on as a passenger, and that the liability of the defendant is at an end when the passenger is safely and properly on the boat, and that it is no negligence on the part of the defendant, not to give warning either by blowing the whistle or ringing the bell to any person who came on the boat not intending to take passage on the same, nor is it negligence on the part of the defendant not to have a staging out in order that such a person can leave the boat in that manner."

The jury returned a verdict for the plaintiff, assessing his damages at $500, and a judgment was entered accordingly. The defendant thereupon took this appeal.

Messrs. BILLINGS & WISE, for the appellant.

Messrs. L. & L. DAVIS, for the appellee.

Mr. CHIEF JUSTICE BREESE delivered the opinion of the Court:

This was an action on the case, brought to the Alton City Court by John Henry, against the Keokuk Packet Company, for an injury alleged to have been occasioned by the carelessness and negligence of the defendants.

A verdict was found for the plaintiff, which the court refused to set aside, and rendered judgment thereon.

To reverse this judgment, the defendants appealed to this court, assigning as error, the refusal of the court to set aside the verdict as being contrary to the law and the evidence—giving improper instructions for the plaintiff, and in refusing defendants' instructions, and in modifying the fourth instruction asked by them.

The verdict was one, we do not think, as we understand the evidence, we would have been willing to have rendered,

believing the weight of it, when carefully considered, preponderates in defendants' favor, but perhaps, not so greatly, as to justify the interference of this court.    It was conflicting, and brings the case within the rule so often declared by this court. *Morgan* v. *Ryerson*, 20 Ill. 343; *Bradley* v. *Geiselman*, 22 ib. 494; *Wallace* v. *Wren*, 32 ib. 146.

The instructions for the plaintiff were six in number, of which the second and sixth were erroneous and should not have been given.    The second omits a very important element, and that is, the consideration of the plaintiff's own conduct as to caution and circumspection on his part, in getting off the boat. Although the boat was violating the law by racing with another boat, and by reason thereof its stoppage at the usual landing place was abridged, so that the plaintiff had not a reasonable time allowed him to leave the boat in the usual manner by the staging, still, that did not relieve him from the duty of exercising proper care and prudence in leaving the boat.    If the plaintiff was guilty of negligence, he could not recover unless that of the defendants was greatly in excess, and therefore, the omission of that element in the instruction, vitiated it.

The sixth instruction was this : " If the jury believe from the evidence, that the boat was in motion, and the stagings were on board or being drawn on, and that it would have been as dangerous for the plaintiff, under the circumstances, to get off the boat by the way of the staging, as it was in getting off the way he did, they will find for the plaintiff as to that fact."

We cannot but think this instruction misled the jury.    It tells them to find for the plaintiff, if the plaintiff could not get off by the staging without injury to himself; then he was not culpable no matter how dangerous the mode be adopted for getting off may have been.    His clear duty was to use proper care and prudence in his effort to leave the boat.    If there were hazard and danger in one mode, and in that which he adopted, he should not have adopted it.    Had the gang-plank or staging been drawn in, so that he could not leave the boat

had he made known his wish to leave, which he did not, he had no right to risk his life or limbs by jumping off the boat in the manner he did. The gang-planks were not drawn aboard, but the shore ends were within a few feet of the land —the boat had not moved from the landing—the plaintiff made known to no person his desire to leave, but of his own impulse, and with great confidence in himself, imprudently jumped from the boat to the land. We think this instruction must have contributed very much to the finding of this verdict, and as we cannot see from the whole record that justice has been done, we must reverse the judgment and remand the cause, that a new trial may be had, and such instructions given as will not be inconsistent with this opinion. The defendants' fifth and sixth instructions were properly refused, there being no such presumption, as therein claimed.

*Judgment reversed.*