52  325
22a 117

52  325
40a 418

52  325
50a 101

52  325
57a 157

52  325
72a 556

Chicago & Northwestern Railway Company

*v.*

Honora Sweeney, Administratrix, etc.

1.  Negligence—*comparative*.  In actions to recover damages resulting from the alleged negligence of the defendant, the doctrine of comparative negligence obtains in this State; so the question of liability does not depend absolutely upon the absence of all negligence upon the part of the plaintiff or the defendant, but upon the relative degree of care, or want of care, as manifested by both parties.

2.  It is the duty of a person about to go upon a railroad track, to do so cautiously, and ascertain whether there is danger; and especially does this duty devolve upon a person who, from long employment upon the road at the particular place, is familiar with its peculiar dangers, from the numerous tracks there, and their constant use in the switching of cars.

3. In an action to recover damages, under the statute, for the death of a person alleged to have been occasioned by the negligence of a railroad company, it appeared the deceased was a track repairer in the service of another company, with whose road the defendants' track connected at the place where the accident occurred, and with which the deceased was very familiar, having worked about it, or near it, for several years. It was a point where the tracks were numerous, and engines constantly in motion in great numbers. While cars were being pushed by an engine, the deceased stepped upon the track in front of the moving cars, with his back to them, and his cap drawn closely over his ears, not looking about to see if there was danger, which he could easily have discovered, and of which he should have been aware from his long familiarity with the place. The cars overtook him, and he was struck and killed. He was held to have been guilty of such gross negligence, and even recklessness, that there could be no recovery, unless a greater degree of negligence on the part of the company could be shown.

4. There seemed to have been no negligence on the part of the company. The switchman walked along the track about sixty feet in advance of the moving train and saw the track was clear. While doing so, the deceased stepped on the track between him and the train, with his back to the train, without noticing its approach, although it was in plain view. So soon as he was seen by the switchman, he shouted to him, but he gave no heed to the warning. The train was moving very slow, and had the usual complement of men about it, who attended to their duties, and the engine bell was ringing continuously.

5. There was no watch upon the forward car to give warning, but there was an engineer and fireman, and a switchman and his assistant who was in a favorable position along side of the train to receive signals from the switchman on the track and communicate them to the engineer. But even if a man stationed on the forward car would have been more serviceable in giving warning, his not being there was slight negligence compared with the recklessness of deceased.

Appeal from the Superior Court of Chicago; the Hon. William A. Porter, Judge, presiding.

The opinion states the case.

Mr. H. W. Blodgett and Mr. George C. Campbell, for the appellants.

Mr. M. F. Heenan, for the appellee.

Mr. Chief Justice Breese delivered the opinion of the Court:

This was an action on the case, brought to the Superior Court of Chicago, by Honora Sweeney, administratrix on the estate of Michael Sweeney, deceased, against the Chicago and Northwestern Railway Company, to recover damages for their negligence, resulting in the death of Michael Sweeney.

The deceased was a track repairer, in the service of the Pittsburgh, Ft. Wayne & Chicago Railroad Company, whose switches and lines of road connect with those of appellants, and they use, in common, a curved track, known and called the "Galena Y," by which trains are readily changed from one track to another.

It was at this "Y" the accident occurred, a place with which deceased was very familiar, having worked about it or near it for several years. It was a point where engines were constantly in motion, in greater number, perhaps, than at any other point on the continent. The ground is covered with railroad tracks, as the proof shows, and in constant use.

The deceased having been at work for two or three years, among these rails, knew it was a place full of dangers, demanding the keenest exercise of all one's faculties to escape them.

The proof is, that on the thirteenth day of December, 1867, deceased, with his shovel in hand, with a cap upon his head drawn closely down over his ears, and without looking to the right or left, or behind him, stepped upon the track of the Fort Wayne road, a few feet north of the point where the "Y" joins it, and while cars pushed by an engine were being backed over the "Y" on to the the track of the Fort Wayne road, and was run over and killed, deceased having his back to the car when it struck him.

That these facts show negligence on the part of the deceased, of the grossest character, cannot be questioned. The place was a very dangerous one, and, in proportion to the magnitude of the dangers, should have been his care and caution. Deceased manifested neither, but, in the most reckless manner,

328        C. & N. W. R. R. Co. *v.* Sweeney.        [Sept. T.,

Opinion of the Court.

rendering nearly useless a most important faculty, at such a place, and not using another no less important, he lost his life.

The rule of the English courts, as well as of this country and of this court, in such cases, is well settled.

If a very high degree of care is required of strangers coming upon a railroad track, to avoid injury, as much, or more, should be demanded of one who is familiar with the place, and can not but know it is pregnant with danger. Neither can go recklessly upon the road, taking no proper precautions to avoid accidents.

The deceased appears to have been in a condition quite similar to that of *Still*, as reported in 19 Ill. 499. The party injured in that case was driving a two-horse wagon along a highway, crossed by a railroad track, and sitting down in the bottom of his wagon, with his back towards an approaching train, with his coat collar turned up, and a comforter about his neck. Any man of ordinary prudence, who would take the trouble, could see the approaching train, and could hear it if his sense of hearing was not obstructed. Under these circumstances, this court held that a person crossing a railroad track, who could have seen the cars approach, but turned his back to that direction, and had his ears so bandaged that he could not hear, was guilty of such negligence as would prevent his recovery for injuries, unless he can prove a greater degree of negligence on the part of the railroad company.

In the late case of the *Chicago & Alton Railroad Co.* v. *Gretzner*, 46 ib. 74, this court said it was the duty of every person about to cross a railroad track, to approach it cautiously, and ascertain if there is present danger in crossing, as all such persons are bound to know that such an undertaking is dangerous, and they must take all proper precaution to avoid accidents in so doing, otherwise they could not recover for an injury thereby received. Both parties must use care.

But it is said by appellee, the railroad company was guilty of great negligence in not using the necessary precautions for the protection of persons about the tracks. Were they derelict

in this regard? It is in proof that the switchman walked along the "Y" about sixty feet in advance of the train to see if the track was clear, and saw it was clear. While so doing, the deceased stepped on the track between him and the train, with his back to the train, it being backed up by an engine in the rear, and with his ears covered up by his cap. So soon as he was seen by the switchman, he shouted to him, but his ears being covered, the shout was not heard, or if heard, no attention was paid to it. It appears deceased could have seen the train for a considerable distance, but he did not take the trouble to look about him. The train was moving very slow, so slow that it was stopped within sixty feet of the place where the deceased was struck. It is in proof this train had the usual complement of men about it, who were attentive in the performance of their several duties, and the usual signal, by ringing a bell, was continuous.

Complaint is made by appellee that no watch was upon the forward car to give the necessary warning. It is shown, however, that the train had the usual complement of hands; an engineer and fireman, a switchman and his assistant, who was in a favorable position along side of the train to receive signals from the switchman on the track and communicate them to the engineer. It is a disputed point, on which the witnesses are not agreed, whether this duty of observing the track could not be better performed by a person on the car than by one on the track, and, be that as it may, it can have no influence favorable to the deceased. His conduct was grossly negligent, and, although a man stationed on the cars might have been more serviceable, his not being there was negligence of a slight character, compared to the recklessness of the deceased.

In the case of the *Chicago & Alton Railroad Co.* v. *Gretzner, supra,* the question of comparative negligence was again discussed, and it was said, to render a railroad company liable, there must be fault on their part, and no want of ordinary care on the part of the plaintiff; and when both parties are in fault, the plaintiff may, in some cases, recover, as when it

330        C. & N. W. R. R. Co. *v.* Sweeney.        [Sept. T.,

Opinion of the Court.

appears that his negligence is slight, and that of the defendant gross, and that the rule holds, even when the slight negligence of the plaintiff contributed, in some degree, to the injury. If the defendant has been guilty of a higher degree of negligence, slight negligence on the part of the plaintiff does not absolve the defendant from the use of all reasonable efforts to avoid the injury.

As some misapprehension seems to exist in respect to the extent this court has gone in discussing the doctrine of comparative negligence, it may not be amiss to review the several cases on that subject.

But for that purpose it is not necessary to go back of the case of the *Galena & Chicago Union Railroad Co.* v. *Jacobs*, 20 Ill. 478, as in that case all the previous decisions were reviewed and commented upon.

Jacob's case was the first case announcing the doctrine of comparative negligence, the received rule prior thereto having been, if there was any negligence on the part of the plaintiff he could not recover. The English cases on this point were cited and commented on.

In Jacob's case this court said that the question of liability did not depend absolutely on the absence of all negligence on the part of the plaintiff, but upon the relative degree of care or want of care as manifested by both parties, for all care or negligence is, at best, but relative, the absence of the highest possible degree of care, showing the presence of some negligence, slight as it might be. The true doctrine, therefore, this court thought, was, that in proportion to the negligence of the defendant should be measured the degree of care required of the plaintiff. The degrees of negligence must be measured and considered, and whenever it shall appear that the plaintiff's negligence is comparatively slight, and that of defendant gross, the plaintiff shall not be deprived of his action.

Following this case was the case of the *Chicago, Burlington & Quincy Railroad Co.* v. *Dewey*, 26 ib. 255, where it was said, it was not enough to show a railroad company guilty of

negligence, but it must appear that the injured party was not also negligent and blamable. Each party must employ all reasonable means to foresee and prevent injury, and if the negligence of one party is only slight, and that of the other appears gross, a recovery may be had.

In the case of the same railroad company against Hazzard, ib. 373, the ruling in Jacob's case was commented on and approved.

The next case in the order of time, having reference to injury to persons, is that of the *Chicago, Burlington & Quincy Railroad Co.* v. *Triplett, Admr.* 38 ib. 482, in which it was again said, although the plaintiff may have himself been guilty of some degree of negligence, yet, if it be but slight, in comparison with that of the defendant, it should be no bar to his recovery. No inflexible rule can be laid down. Each case must depend upon its own circumstances, and the question of comparative negligence must be left to the jury, under the supervision of the court.

The next case was Gretzner's case, before cited, 46 ib. 74. See also, *Chicago & Alton Railroad Co.* v. *Pondrom*, 51 Ill. 333.

The rule is the same in actions against railroad companies for injuries to personal property.

The deceased was within the rule. His conduct, as compared with that of the railroad company, was, under the circumstances, recklessness, as we believe, after an attentive examination of the evidence in the record. His own conduct contributed vastly more to his death than any negligence established against the defendants. Had he used ordinary prudence, the casualty could not have happened. Having failed in this, the company ought not to be liable.

. We perceive no objection to the manner in which the court disposed of the various instructions. They accord with the ruling in the cases cited. We reverse the judgment on the ground that the verdict is against the evidence.

. The judgment is reversed and the cause remanded.

*Judgment reversed.*