CHICAGO, BURLINGTON & QUINCY RAILROAD COMPANY

*v.*

MARY J. LEE.

1. AGENT—*declarations of—res gestæ—depositions.* The declarations of an agent are not admissible as evidence unless they are made in connection with the transaction of the business of his agency, and form a part of the *res gestæ.* And it is error for the court to refuse to suppress an answer to an interrogatory in a deposition which proves the declarations of an agent after the transaction has occurred. And to suppress such answer, it is not necessary that the answer should have been objected to when the deposition was taken.

2. RAILROAD—*negligence—evidence.* It is error for the court to admit evidence that, at previous times, the bell had not been rung or the whistle sounded as trains passed the place where the accident occurred, to prove negligence at the time of the collision. Nor does it waive the error that defendant had permitted similar evidence of other witnesses without objection. That did not render the further admission of such evidence admissible when objected to, on being offered. Nor was it admissible to discredit the evidence of the engineer, as he made the statements intended to be contradicted, in answer to questions propounded by plaintiff on

cross-examination. A party can not cross-examine a witness as to a collateral fact for the purpose of laying a foundation to contradict him.

3. NEGLIGENCE—*comparative.* Where an instruction informed the jury that, if the employees neglected to ring a bell or sound the whistle as required by statute, the plaintiff was entitled to recover of the company for killing her husband unless he was guilty of a greater degree of negligence: *Held,* such an instruction was too broad, as it should have limited the liability of the company to the injury caused by a failure to ring the bell or sound the whistle, and it should have been modified so as to have informed the jury that the negligence of deceased must have been slight as compared with that of the company. Instructions in such cases should lay down the duty of both parties, and leave the jury to find whether the defendant was guilty of negligence; and even if the deceased was guilty of negligence, whether it was slight as compared with that of the company.

APPEAL from the Circuit Court of Henderson county; the Hon. ARTHUR A. SMITH, Judge, presiding.

Messrs. FROST & TUNNICLIFF, for the appellants.

Messrs. KITCHELL & ARNOLD, for the appellee.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

This was an action brought by the administratrix of the estate of Darius B. Lee, deceased, under the act of 1853, on behalf of herself and children, as the widow and next of kin of the deceased, for damages resulting to them from his death, charged to have been caused by the carelessness and negligence of the defendants below in operating their engine and train, and occasioning a collision between the same and the deceased while driving his team along the highway and over the railroad track of the defendants at a public crossing.

The charge of carelessness alleged in the declaration was, the failure to ring the bell or sound the whistle while the train was approaching the crossing with unusual speed, or to give the deceased any warning of its approach.

Previous to the commencement of the trial in the court below, the defendant moved to suppress all that portion of the answer to interrogatory seven of the deposition of George

A. Clark, which states the declarations of the engineer of the company as to the transactions at the time of the accident, made at a subsequent time and after his return to the place of the accident, which motion the court overruled. This was erroneous.

When the acts of the agent will bind the principal, then his declarations respecting the subject matter will be evidence against the principal if made at the same time, and constituting a part of the *res gestæ.*

But the agent's declarations are not admissible against the principal if not made at the very time of the transaction, but upon another occasion.

These declarations were not made in regard to a transaction then depending, characterizing it, and admissible as verbal acts forming a part and parcel of the transaction. But they were made afterwards upon another occasion, and were a mere narration in regard to a transaction already passed, and should have been excluded as merely hearsay testimony. 1 Greenlf. Ev. sec 113; *Thallhimer* v. *Brinkerhoff,* 4 Wend. 394; *Stiles et al.* v. *Western Railroad Corporation,* 8 Metc. 44; *Luby* v. *The Hudson River Railroad Co.* 17 N. Y. 133; Story on Agency, secs. 134, 135; *Waterman et al.* v. *Peet et al.* 11 Ill. 648; *C. B. & Q. R. R. Co.* v. *Riddle, post,* 534. The answer is without force, that the objection should have been made at the time of taking the deposition. The evidence being wholly incompetent, the objection might be taken at any time.

The same objection applies to the answer of Green to the twentieth interrogatory in his deposition, which details the particulars of the conversation between the witness and Martin. So much of the answer as is merely responsive to the interrogatory, that it was spoken of, whether the bell was or was not rung and whistle sounded, might not be objectionable as a circumstance to fix what then occurred in the memory of the witness. But the particulars of the conversation were clearly inadmissible.

504         C., B. & Q. R. R. Co. *v.* Lee.         [Sept. T.,

Opinion of the Court.

Evidence was wrongly admitted, too, that the trains had, at other times, passed the crossing without ringing the bell. From the fact of omitting to ring the bell at any previous time, no reasonable inference could be drawn that it was not rung on the occasion in question.

The point in issue was, whether there was a failure to ring it then, not at any other time ; and the evidence should have been restricted to negligent conduct at the time of the accident.

Nor does it afford a justification for the admission of the testimony that other like testimony had been introduced into the case without objection. It is the right of a party to have incompetent testimony excluded on his objection, whenever offered. The fact of there being other like testimony in the case would bear only upon the question of the extent to which the party was prejudiced by the admission of the additional incompetent testimony.

Neither can the admission of the testimony be sustained upon the ground that it was introduced for the purpose only of discrediting the engineer in his testimony that he always rung the bell at the crossing. That testimony of the engineer does not appear to have been brought out on his examination in chief by the defendant, but on the cross-examination of the witness by the plaintiff. A witness is not to be cross-examined as to any distinct collateral fact, for the purpose of afterwards impeaching his testimony by contradicting him.

If a question, as to a collateral fact, be put to a witness for the purpose of discrediting his testimony, his answer must be taken as conclusive, and no evidence can be afterwards admitted to contradict it. 1 Stark. Ev. 189.

The following instructions were given for the plaintiff, viz. :

"It was the duty of the servants of the defendant, in the management of the engine by which Lee was killed, at the approach to said Gale's crossing, and for the distance of eighty rods before reaching the same, to continuously sound the bell

or whistle on said engine for the purpose of warning all persons of their approach, and if they neglected to do so, then the plaintiff in this suit will be entitled to recover for killing said Lee, unless the jury shall believe from the evidence that Lee was guilty of a greater degree of negligence which contributed to his death."

"If the jury shall believe, from the evidence, that the servants of the defendant, in the management of the engine by which Lee was killed, might, by diligent watchfulness, have seen said Lee or his team on their way over the Gale crossing in time to have checked the speed of said train and saved the life of said Lee, then it was their duty to have done so, and to have used all means in their power for such purpose. And if the jury believe, from the evidence, that they neglected to do so, then the plaintiff will be entitled to recover, even if the bell was being rung upon said engine at the time said Lee was killed, and for eighty rods previous thereto."

The first above instruction is erroneous in that it makes the company liable for Lee's death upon failure to sound the whistle or ring the bell, without reference to whether the omission to do so was the cause of, or conduced to his death, or not. If the bell was not rung or whistle sounded, the plaintiff can recover, the instruction says, provided the deceased was not guilty of greater negligence, without saying whether the omission was found to have had any effect in causing his death or not.

The acts might have been performed and the deceased not have heard the signal, or heeded it; or he might, notwithstanding, have ventured to attempt to cross the track in advance of the approaching train, in mistaken reliance upon his ability to do so before it would reach the crossing. It is not to be asserted as a matter of law that, by reason of the neglect to ring the bell or sound the whistle, the injury was produced.

The instruction was not properly qualified in regard to the degree of negligence on the part of the deceased which would

allow a recovery. The effect of the instruction in this respect was, that if the defendant was guilty of negligence the plaintiff could recover, although the deceased was also guilty of negligence, if his negligence was not greater than that of the defendant, which would allow a recovery if the negligence of both parties was equal.

But a recovery could not be had in such case, under the rule as laid down by this court, nor unless the contributory negligence of the deceased was far less in degree than that of the defendant. *C. B. &. Q. R. R. Co.* v. *Dunn,* 52 Ill. 452; *Keokuk Packet Co.* v. *Henry,* 50 Ill. 264; *C. & N. W. R. R. Co.* v. *Sweeney,* 52 Ill. 325.

The other instruction makes the company liable for negligence and entitles the plaintiff to recover, whether Lee was in fault or not, and without reference to the degree of his negligence. It lays his duty entirely out of view, and makes the right of recovery to turn on the question of the defendant's negligence alone. In this respect the instruction was erroneous, as decided in the case of a like instruction in *C. B. & Q. R. R. Co.* v. *Payne,* 49 Ill. 500. See, also, *Keokuk Packet Co.* v. *Henry,* 50 Ill. 264.

And on the authority of the first case, it is not a sufficient answer to say that instructions, given for the defendant, qualified the rule laid down in the plaintiff's instructions and correctly announced the law in the case. It being there held that it is not sufficient to say that the law in the case is correctly given in one set of instructions, if it is incorrectly stated in another set. In such case, the jury may well be in doubt which of the instructions give to them correctly the law, and be left to select and follow either, as it might strike them as being most proper. See, also, *Denman* v. *Bloomer,* 11 Ill. 240.

The question of the negligence of the deceased was an important element in the case, and fairly presented by the evidence, and it was essential to the defense that the law on that

head should have been stated unmistakably to the jury. Erroneous instructions on that question might well have misled the jury to the defendant's prejudice, and we can not see, from all the instructions in the case, that they were not so misled in arriving at their verdict.

I or the errors indicated, the judgment must be reversed and the cause remanded.

*Judgment reversed.*