LIZZIE MACKEY, Admx.

*v.*

THE NORTHERN MILLING COMPANY.

*Opinion filed June 23, 1904.*

1. PLEADING—*declaration by servant for injury must state facts show-ing master's duty.*   A declaration in an action by a servant against the master for personal injury must state facts from which the law will raise a duty from defendant to the plaintiff, otherwise it is insufficient to support a judgment.

2. SAME—*what allegation does not show a violation of duty by master.* An allegation that plaintiff's intestate was in the defendant's em-ploy and was lawfully upon a certain side-track used by defendant, and was in the exercise of due care, when another servant of de-fendant, not a fellow-servant of the plaintiff, pushed a car upon him, does not show a violation of any duty by the defendant.

3. SAME—*new declaration stating new case does not relate back.*   If a declaration fails to state a cause of action, a new declaration stat-ing a cause of action does not relate back to the commencement of the original suit, and is barred if the period of limitation has run.

4. SAME—*failure to object to filing of new declaration not a waiver of plea of limitation.*   Failure of the defendant to object and except to the filing of a new declaration is not a waiver of his right to plead the Statute of Limitations.

5. SAME—*allowing amendment not adjudication as to whether cause of action is same.*   Allowing an amended declaration to be filed in a personal injury case is not conclusive that the causes of action set up in the original and amended declarations are the same, notwith-standing section 23 of the Practice act.   (*Chicago City Railway Co.* v. *Cooney,* 196 Ill. 466, and *Fish* v. *Farwell,* 160 id. 236, followed.)

APPEAL from the Appellate Court for the First Dis-trict;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. CHARLES G. NEELY, Judge, presiding.

ROGERS & MAHONEY, and CHILTON P. WILSON, for appellant.

JAMES T. BRADY, and EDWIN J. RABER, for appellee.

Mr. CHIEF JUSTICE RICKS delivered the opinion of the court:

This is an action on the case brought by Lizzie Mackey, administratrix of the estate of Thomas Mackey, deceased, to recover damages for the alleged negligence of appellee, which, it is claimed, resulted in the death of said decedent. The original *præcipe* and summons in said suit were issued January 14, 1896, and declaration was filed March 9, 1896. On October 18, 1899, an amended declaration, similar to the first, was filed. On trial had in November, 1900, a verdict for $5000 was obtained in favor of plaintiff, but on appeal to the Appellate Court for the First District said judgment was reversed on the ground that the declaration in the case did not state a good cause of action. The case being remanded for a new trial, the cause was re-docketed, and on March 4, 1902, plaintiff obtained leave to file, and filed instanter, a new amended declaration. To this declaration defendant filed, among others, the plea of the Statute of Limitations, to which plaintiff demurred. The demurrer was overruled and plaintiff stood by the demurrer and appealed to the Appellate Court, where the judgment of the lower court was affirmed, and plaintiff prosecuted this further appeal.

The controlling question here is whether there was error in overruling the demurrer to the plea of the Statute of Limitations.

Appellant contends that the second count of the first declaration filed sets forth a good cause of action. The material portion of that count, which it is claimed states a good cause of action, is as follows: "The said Northern Milling Company was the owner of or using and operating a certain mill in the county of Cook and State of Illinois, and in connection therewith used a side-track for the purpose of loading and unloading material, and employed there the said Thomas Mackey, deceased, and that the said Thomas Mackey on, to-wit, the fifth day of March, 1895, was lawfully upon the side-track adjoining

the said mills of the said Northern Milling Company, and while the said Mackey was so lawfully on the side-track near the said mill and in the exercise of all reasonable and proper care for his own safety, the said Northern Milling Company, by its agents and servants, who were then and there not fellow-servants of the said Mackey, pushed an unloaded car upon him, without giving any notice to the said Mackey that they were about to push the said car where he then and there was, and without making any sound or warning or ringing any bell, or in any manner advising the said Mackey of any impending danger to him, the said Northern Milling Company pushed the said car upon and against said Mackey and crushed him, so that his body was caught between the said mill and the said car and he was then and there killed."

It is a well established rule that a declaration, in cases of this character, must state facts from which the law raises a duty from the master to the servant, and if the declaration fails in this regard then it is insufficient to support a judgment. As stated in *Ayers* v. *City of Chicago*, 111 Ill. 406, "the pleader must state facts from which the law will raise the duty." And as said in Cooley on Torts, (2d ed.) 791: "The first requisite in establishing negligence is to show the existence of the duty which it is supposed has not been performed." And Mr. Thompson, in his work on Negligence, (2 Thompson on Negligence, 1244,) says: "Unless the duty results in all cases from the stated facts, the declaration so framed will be bad."

Do the facts stated in the count above mentioned show a duty on the part of the appellee to the deceased, and its violation? It is alleged that appellant's intestate was in appellee's employ; that he was lawfully on the side-track and in the exercise of reasonable care, when appellee's servant, not a fellow-servant of the said Mackey, pushed an unloaded car along said side-track and upon the said Mackey without giving him any notice or warning. This might all be true and still appellee not

be liable for any violation of duty or any negligence. It is not stated that said Mackey's duties necessarily required him to be on the side-track at the time of the accident, or that he was performing any duty he owed appellee, or that appellee had any reason to believe or suspect that said Mackey would be there in a position of danger. The fact that Mackey was in appellee's employ raises no presumption that his employment required him to be in the place where he received his injury. For aught that appears he may have gone there of his own volition and not in the discharge of any duty, or even gone there without permission, and certainly without notice to appellee, or without any reasonable ground for appellee suspicioning that he might be there. The bare allegation that appellant was lawfully on the track is not sufficient to put appellee in the attitude of being negligent. Any employee might lawfully be on the track in question, and still appellee could not, for that reason alone, be held to have knowledge of his presence when he should happen to be there. There is no allegation as to what Mackey's duties were, and it does not appear that he had any right or reason to depend upon or rely on any notice being given him of the approach of the car, nor are facts stated from which it may be determined that appellee, by the exercise of ordinary care, could have foreseen the presence of Mackey or the danger likely to result from the pushing of the car. In 16 Am. & Eng. Ency. of Law, (1st ed.) 439, it is said: "It cannot be held negligent unless the defendant, by the use of ordinary care, under the circumstances, could have foreseen that it might result in some injury to some person." If appellee had no reason to suspect Mackey being in a position of danger, the exercise of ordinary care would not have enabled it to foresee the injury.

In the absence of averments showing that appellee owed Mackey some duty which was violated, and because of such violation said Mackey was injured while

in the exercise of due care, the declaration must be held not to state a cause of action.

The amended declaration, on which the trial was had, was not filed until March 4, 1902, and the injury was occasioned on March 5, 1895,—almost seven years prior. To this last amended declaration the plea of the Statute of Limitations was filed, and upon demurrer said plea was held to be sufficient, which we think was proper.

Appellant contends that even though the first declaration be held to be bad, yet this amended declaration relates back to the original summons in the case, and should not be regarded as a new and separate cause of action. This identical question has been so clearly and repeatedly passed upon by this court that a new discussion of the proposition would seem to be useless. In the case of *Eylenfeldt* v. *Illinois Steel Co.* 165 Ill. 185, practically the same questions were presented and the same arguments advanced as in the present case, and the contentions here urged by the appellant were rejected. We there said (p. 187): "As will be observed, the plaintiff was injured on the 17th of January, 1892, and suit was brought on the 29th day of the following March. What purported to be a declaration was filed, but it stated no sufficient cause of action. No declaration was filed stating a cause of action until January 31, 1895,—more than three years after the accident and more than one year after the Statute of Limitations had run; and the question presented by the record is whether the Statute of Limitations was a bar to the action when the amended declaration was filed, on the 31st day of January, 1895.  *  *  *  The question then presented by the record before us is whether the counts filed by the plaintiff in January, 1895, after the two years provided by the statute for bringing an action had expired, set up a new cause of action, or whether they were a mere re-statement of the cause of action already stated in the declaration. Upon an inspection of the declaration first filed

by the plaintiff it will be found that the commencement of the declaration is in proper form in an action of trespass on the case, and no fault is found with the conclusion of the declaration, wherein damages are claimed; but when the body of the declaration is examined, where the cause of action should be set up, no cause of action whatever is averred in the declaration. The amended count does, however, set up a cause of action, but, inasmuch as the original declaration stated no cause of action, it seems to follow that the amended declaration stated a new cause of action,—one which had never been stated before,—and hence the Statute of Limitations was a good defense. There could be no re-statement of a cause of action by the amended declaration unless the cause of action had been stated before." It was also contended in that case, as here, that issuing of the summons arrested the running of the Statute of Limitations, and the filing of the amended declaration related back to the commencement of the suit, but the contention was denied, and it was said: "A declaration was filed before the statute had run, but the amended declaration, which set up the cause of action upon which issue was joined and a trial had, was not filed until the Statute of Limitations had run, and all the cases agree that if the cause of action set up by the amendment is a new one, and not a mere re-statement of the cause of action set out in the original declaration, the amended declaration will not relate back to the commencement of the suit."

Counsel for appellant cite authorities to support a different rule from that above announced, but in our judgment there is no conflict in the decisions of this court upon this proposition.

Counsel for appellant argue that an adherence to the rule thus established will work a hardship to appellant, who may thus be precluded from prosecuting a meritorious cause of action. The same argument would apply equally as well if appellant had failed to institute any

suit at all until after the statutory period and then the statute should be pleaded.   In the minds of the legislature, at least, the limitation was thought to be a wholesome one, and while it remains as a part of our statutes it is our duty to construe and apply it according to its evident meaning.   More than one cause of action might grow out of the same injury, and it cannot be consistently contended that the statute does not bar all actions not instituted within the limitation.

If, as we hold, the first declaration. filed by appellant did not state any cause of action, then it must follow that if the declaration that was filed on March 4, 1902, did state a cause of action it was a new or different cause of action, and not being within the limitation of the statute was thereby barred.

Appellant further contends that "appellee waived its right to raise the question of injecting a new action" by failing to object and except to the filing of the amended declaration.  This objection appears to be urged now for the first time, hence, if otherwise available, appellant is now precluded from insisting upon it; but we think appellant is wrong in the contention that appellee's plea of the Statute of Limitations came too late.   This same contention was made in the case of *Chicago City Railway. Co.* v. *Cooney*, 196 Ill. 466, and we held the contention not well taken.

Appellant further insists that it has been adjudicated that a new action has not been injected into this case, and cites section 23 of chapter 110 of our statutes, which says that an adjudication of the court allowing an amendment is conclusive as to whether or not it is the same action. This point was also raised in the case of *Chicago City Railway Co.* v. *Cooney*, and we there stated that it was "our opinion that said section 23 was not intended to apply to a question of this kind."   In the case of *Fish* v. *Farwell*, 160 Ill. 236, the same question was also thoroughly discussed, and an insistence similar to that of appellant in

the present instance was rejected, with the reasons therefor, which it is not necessary for us here to repeat.

In our opinion the judgment of the Appellate Court is correct, and the same will be affirmed.

*Judgment affirmed.*