People of the State of Illinois, Defendant in Error, v. John Moore (Impleaded), Plaintiff in Error.

Gen. No. 49,681.

First District, First Division.

August 3, 1964.

28

Marvin M. Chaban, of Oak Park, Illinois, for plaintiff in error.

Daniel P. Ward, State's Attorney of Cook County, of Chicago (Elmer C. Kissane and William J. Nellis, Assistant State's Attorneys, of counsel), for defendant in error.

MR. PRESIDING JUSTICE MURPHY delivered the opinion of the court.

In a joint bench trial, defendant John Moore, together with a second defendant, Fred Richmond, was found guilty of attempted robbery. Moore was sentenced to the penitentiary for a term of not less than three nor more than seven years. He brings this writ of error, contending that the evidence did not prove his guilt beyond a reasonable doubt. He complains also of prejudicial trial errors and the conduct of the trial.

On August 25, 1962, at approximately 2:30 a. m., Cornelius Morgan, a policeman acting as a decoy for the Chicago Police Task Force Undercover Unit, was in the vicinity of Honore and Madison Streets. Other Unit officers were in the immediate area. Officer Morgan testified that he was in the alley off Honore Street, leaning against a telephone pole, and was approached by Richmond and Moore. Richmond in-

quired of Officer Morgan as to what was wrong, and Morgan replied that he was sick and to leave him alone, and they left. Morgan then walked east into the alley, about 30 or 35 feet, and sat down, leaning against a building. While Morgan was sitting and facing south, Richmond and Moore approached him from the east. Moore came up behind Richmond, with a knife in his right hand, and took a position beside and a little to the rear of Richmond, and said, "We want everything you've got." Richmond attempted to kick Officer Morgan in the face. Morgan blocked the kick and drew his revolver. Moore dropped his knife and ran around the corner of the building toward Madison Street. They were both arrested, Richmond at the scene and Moore a short distance away while in flight. Officer Morgan participated in both arrests and later found the knife at the spot he saw Moore drop it.

One of the other officers of the Task Force Unit, Roosevelt Pearson, testified he was in the immediate area, watching Officer Morgan for approximately two hours. He saw the two defendants walk to Madison and Wood Streets and heard Moore say, "Let's get him." Richmond mumbled something he couldn't understand. He saw them enter the alley from Wood Street, and a few minutes thereafter heard a commotion in the alley. He ran west on Madison Street, saw Moore running toward him, and arrested him. In response to a question of the court, he affirmed that Moore was "one of the same two defendants that you'd seen previously contact Officer Moore."

The People did not offer the testimony of several other Task Force Unit officers who participated in the arrests.

Richmond and Moore testified they were unarmed at all times and neither of them made any threatening gestures or remarks toward Officer Morgan. They

said they saw two men standing over and hitting him. The assailants ran away, and as Richmond and Moore spoke to Morgan, he jumped up and fired a shot. Richmond stood still and was struck a blow on the head. Moore ran, and other officers intercepted and arrested him near Madison Street.

Defendant Moore contends that the State must prove its case beyond a reasonable doubt by clear and convincing evidence, and that "the gist of robbery is the intimidation or threat of imminent use of force," and "as for attempt, the acts constituting this offense by statute must constitute a substantial step toward the commission of the offense." Moore argues that proof of the "substantial steps toward the commission of the offense" (attempted robbery) or "perpetrating steps" rests entirely on "Officer Morgan's bare testimony, uncorroborated and in direct conflict with the testimony of both defendants." On this point, defendant cites People v. Coulson, 13 Ill2d 290, 296, 149 NE2d 96 (1958), where it is said:

> "A judgment of conviction can be sustained only on credible evidence which removes all reasonable doubt of the guilt of the defendant, and it is the insufficiency of the People's evidence which creates such doubt. If a conviction is to be sustained, it must rest on the strength of the People's case and not on the weakness of the defendant's case."

Moore also points out discrepancies or variances in the testimony of the witnesses for the People. Morgan's testimony does disclose some ambiguities as to his initial contact with defendant Moore, the location of some of the undercover men, and the position of Moore with the knife. The testimony of Officer Pearson does not agree with the testimony of Officer Morgan as to Morgan's initial contact with

Moore and Richmond. The record reflects that the trial judge recognized that there were some testimony discrepancies, and he participated in the examination of all witnesses as to the facts of the occurrence. The cross-examination of Morgan by the defense and by the court was extensive, and he remained unshaken in his testimony that Moore was standing in front of him, with a knife in his right hand, when Moore "made the statement, 'We want everything you've got.'" We note, also, that defendant's counsel cross-examined Morgan while in possession of a "case report" made by Morgan and handed to defense counsel during Morgan's interrogation. We have concluded that the discrepancies are insufficient to require a reversal, in view of the other clear and positive testimony of Morgan as to what Moore said while facing Morgan with a drawn knife.

■■ Defendant also complains of the failure of the People to offer in corroboration of Morgan the testimony of the first officer to arrive on the scene to help Morgan, and who arrested Richmond, contending "his testimony—*if it had agreed with that of Officer Morgan*—would have provided the state with a practically airtight case. And yet the State preferred to leave this gaping hole in their story when it was within their power to plug it." We find no merit in this contention. "The State is not obligated to produce every witness to a crime and the failure to produce a witness does not give rise to a presumption that the testimony of that witness would be unfavorable to the prosecution." People v. Jones, 30 Ill2d 186, 190, 195 NE2d 698 (1964).

■ As to the prejudicial trial errors and the conduct of the trial, we note the trial judge was somewhat vocal and actively participated in the examination of the witnesses for the People. Also, Officer Morgan, while testifying, produced a memorandum

to refresh his memory, which the court permitted him to use after objection was made that the customary foundation had not been laid for its use. We have examined the colloquy on this point and find no prejudicial error. Complaint is also made of undue restraint in defendant's effort to impeach portions of Morgan's testimony, the court ruling that an immaterial statement was involved.

██ Although these matters were dealt with in a somewhat peremptory fashion, we fail to see that the defendant was prejudiced thereby. Under the trial conditions reflected by this record, we cannot say that the court abused its discretion in examining witnesses, or in its rulings, or displayed hostility toward the defendant, or that its action in curtailing repetition during cross-examination was prejudicial to defendant's cause. At the conclusion of the trial, the court summarized the evidence and stated: "The court doesn't believe that they did rush up to Officer Morgan's help after he had been accosted and knocked to the ground by two other people, or that Officer Morgan had been attacked by two Officers. Both Officer Pearson and Officer Morgan told exactly what happened, and I have listened carefully to the testimony of the defendant and the explanation they gave, and it just doesn't hold water."

██ From an analysis of the entire record, particularly the evidence relating to identification and what happened at the scene of the occurrence, it is our conclusion that the proof was sufficient to satisfactorily establish defendant's guilt beyond a reasonable doubt. The Supreme Court has repeatedly said "that the testimony of one witness as to identification, if positive and the witness credible, is sufficient to convict even though the testimony is contradicted by the accused." People v. Crenshaw, 15 Ill2d 458, 461, 155 NE2d 599 (1959).

33

In conclusion, we believe the defendant had a fair trial, before an experienced judge, and as we find no reversible error, the judgment of the Criminal Court of Cook County is affirmed.

Affirmed.

BURMAN and KLUCZYNSKI, JJ., concur.