Donna Ballard, Plaintiff-Appellee, *v.* Charles K. Jones, Defendant—
(The City of Chicago, Defendant-Appellant.)

(No. 59083;

First District (2nd Division)—June 25, 1974.

*Rehearing denied August 15, 1974.*

Richard L. Curry, Corporation Counsel, of Chicago (Daniel Pascale and Jerome A. Siegan, Assistant Corporation Counsel, of counsel), for appellant.

Harold A. Liebenson, of Chicago, for appellee.

Mr. JUSTICE STAMOS delivered the opinion of the court:

This is an action by Donna Ballard against Charles K. Jones and the City of Chicago alleging that their negligent actions either jointly or individually caused injuries she received as a result of an automobile accident. Subsequent to a jury verdict, the Circuit Court entered judgment in favor of defendant Jones and against defendant City of Chicago in the amount of $350,000. The City of Chicago appeals, and, in urging reversal of the judgment, contends that the trial court erred in failing to direct a verdict in its favor, or alternatively, that it is entitled to a new trial based upon certain evidentiary and instructional errors.

Since no question of damages is raised, the following summary is limited to evidence on the issue of liability. On the evening of August 23, 1969, plaintiff, Donna Ballard, accompanied by her husband, Ronald, and four out-of-town relatives and friends, went for a tour of Chicago in the Ballards' car. At approximately 1 A.M. on August 24, 1969, the Ballard party stopped at a lounge. One hour later, the entire party left the lounge by car and traveled south on Paulina Street attempting to find Diversey Avenue. Ronald was driving. The evening was clear and dry. As Ronald approached the intersection of Diversey and Paulina he slowed down; his highest speed prior to reaching Diversey was between 20 and 25 mph; he had never traveled through this intersection before. Mr. Ballard testified that he did not see the stop sign on the northwest corner of the street, nor did he notice any sign indicating that he was approaching Diversey. When the front of his vehicle was even with the crosswalk, he glanced to his left, and then to his right, for approaching vehicles; he saw none. When he looked to his left again, he saw only the parking lights of a vehicle being driven by Charles Jones in a westerly direction on Diversey. Immediately thereafter, the Ballard car was struck by the Jones car in the middle of the Pauline-Diversey intersection. As a result of the occurrence, Mrs. Ballard, who was facing the rear of the car at the time of the collision, became a paraplegic.

Diversey is a major east-west street lighted by 800-watt mercury vapor lamps, while Pauline is a north-south side street lighted by 175-watt lamps. There are stop signs to halt traffic on Paulina located on the northwest and southeast corners of the intersection. Buildings are situated on all four corners of the intersection and Paulina is lined by trees on both sides. Plaintiff's photographic evidence tends to indicate that the stop sign located at the northwest corner of the intersection to halt traffic southbound on Paulina was hidden by foliage from trees located in the parkway between the curb and the sidewalk.[1] The stop sign and the

trees were under the control and maintenance of the City of Chicago.

Plaintiff sought recovery grounded on the theory that Mr. Jones was negligent for driving with only his parking lights on, and that the City of Chicago was negligent in that it permitted foliage of a parkway tree to obstruct the stop sign on the northwest corner of Paulina.

Defendant's initial contention is that the trial court erred in failing to direct a verdict in favor of defendant on the issue of proximate cause. Relying upon the well-settled proposition that the operator of a vehicle, regardless of the right-of-way, has a duty to maintain a proper lookout for other vehicles ( e.g., *Homka v. Chicago Transit Authority*, 2 Ill.App.3d 334, 276 N.E.2d 351), defendant argues that the following evidence overwhelmingly demonstrates that the *sole* proximate cause of the collision was the failure of Ronald Ballard to keep a proper lookout. Ronald testified that he was traveling south on Paulina while looking for Diversey Avenue; that although he noticed the intersection and slowed down, he failed to see both the street sign that he was looking for and the stop sign; that he also failed to notice that the street he was approaching was brighter and wider than Paulina, and failed to see the vehicle driven by Jones.

■■ The supreme court, in *Pedrick v. Peoria & Eastern R. R. Co.,* 37 Ill.2d 494, 510, 229 N.E.2d 504, set forth the standard that a court must use in considering a motion for a directed verdict:

> "In our judgment verdicts ought to be directed * * * only in those cases in which all of the evidence, when viewed in its aspect most favorable to the opponent, so overwhelmingly favors movant that no contrary verdict based on that evidence could ever stand."

■■ Viewing the present matter under the *Pedrick Rule,* we initially note that the entire thrust of defendant's argument addresses itself to the commissive conduct of a third party while neglecting any comment upon its own omissive conduct. Even assuming that the conduct of Ronald Ballard contributed to the injuries, if the reasonable inferences which might be drawn from the evidence could also support the finding that defendant's negligence by omission was a contributing proximate cause, it is no defense that the injuries would not have occurred without the

---

[1] The weight to be given plaintiff's photographs was contested. Defendant had an expert testify that the perspective of the picture was taken from a point higher than the position of one sitting in an automobile. With a change of perspective in height or angle, the relationship of the tree branches to the stop sign is necessarily altered. Defendant introduced into evidence photographs which depicted the visibility of the stop sign.

concurring active misconduct of another person. (*Chmielewski v. Marich,* 2 Ill.2d 568, 119 N.E.2d 247; *Crowe Name Plate & Manufacturing Co. v. Dammerich,* 279 Ill.App. 103.) The question of what is the proximate cause of an injury is ordinarily a question of fact (*Ney v. Yellow Cab Co.,* 2 Ill.2d 74, 117 N.E.2d 74), and in order for a court to say as a matter of law that the omissions of a party constitute a passive condition rather than a contributing proximate cause, there can be no room for any other reasonable inference from the facts. *Cohn v. Petroleum Heat & Power Co.,* 44 Ill.App.2d 23, 194 N.E.2d 29.

■■ Turning from these general principles to the present case, the record reveals that Ronald Ballard, upon approaching the intersection, looked to his right (on the northwest corner) for a sign identifying the intersecting street; he saw neither a street sign nor a stop sign, but only trees. Plaintiff's photographs indicate that the stop sign located on the northwest corner was obscured by the foliage of trees located on the parkway. Considering this evidence, it is not unreasonable to infer that had the stop sign been visible, the collision would not have occurred. Accordingly, it was proper for the trial court to deny a directed verdict on the issue of proximate cause.

Defendant also contends that the trial court erred in failing to direct a verdict in favor of defendant on the issue of contributory negligence. Defendant argues that at the time of the occurrence plaintiff was facing the rear seat of the automobile talking to her relatives, and therefore, as a matter of law, failed to exercise care for her own safety. Like proximate cause, the question of contributory negligence ordinarily and preeminently presents a question of fact. (*Lasko v. Meier,* 394 Ill. 71, 67 N.E.2d 162.) A passenger riding in an automobile is only required to exercise such care as the exigencies of the situation require. (*Hatcher v. New York Central R. R. Co.,* 17 Ill.2d 587, 162 N.E.2d 362.) In the absence of circumstances which would ordinarily cause a reasonable man to act, a passenger is not necessarily contributorily negligent because of inaction or failure to give advice. (*Zank v. Chicago, Rock Island & Pacific R. R. Co.,* 17 Ill.2d 473, 161 N.E.2d 848; *Goldstein v. Hertz Corp.,* 16 Ill. App.3d 89, 305 N.E.2d 617.) If the circumstances are such that a passenger is not required to act, mere inattentiveness need not preclude recovery. *Gillan v. Chicago North Shore & Milwaukee Ry. Co.,* 1 Ill.App.2d 466, 117 N.E.2d 833.

■■ Here there is evidence that the Ballard vehicle was being driven at a normal rate of speed, the streets were dry, and the night was clear. There is nothing in the record which demonstrates that either the conditions of travel or the manner in which the vehicle was being driven were such that the inattentiveness of plaintiff constituted contributory neg-

ligence as a matter of law. Under the rule of *Pedrick*, the question was properly presented to the jury.

It is next contended that the court erred in refusing to allow defendant to inquire if Ronald Ballard had consumed intoxicants prior to the accident. On the cross-examination of Ronald Ballard, defense counsel attempted to elicit whether the witness had any alcoholic beverages to drink at the lounge the Ballard party had previously visited. Counsel for plaintiff objected. The trial judge stated that he would sustain plaintiff's objection unless defense counsel could demonstrate the relevancy of the question. As a side-bar conference defense counsel, in arguing that the reason the witness did not see the stop sign might have been due to his use of alcohol, stated: "It may have been alcohol, I don't know. I don't know what he is going to say but I am going to ask him." The trial judge responded by stating that he would not allow defense counsel to go on a fishing expedition in the absence of a showing of relevancy. No offer of proof was made.

Again, during defendant's case, Police Officer Hugh Versteegh stated: "I asked him (Ronald Ballard) if he had anything to drink of an alcoholic nature." Objection was made, and at the side-bar conference the officer stated that although he had smelled alcohol on Mr. Ballard's breath, he could not say that he was under the influence of alcohol. Because the officer could form no opinion as to Ballard's sobriety, the objection was sustained and the jury was instructed to disregard the statement. On appeal, defendant argues that it was prevented from introducing evidence that had a direct bearing on the credibility of Ronald Ballard's testimony.

■■ Evidence of intoxication is admissible in a personal injury action as tending to show the negligence of one of the parties. (*South Chicago City Ry. Co. v. Dufresne*, 200 Ill. 456, 65 N.E. 1075.) We think it likewise admissible when, as in the present case, it tends to show that the sole proximate cause of the injuries was the conduct of a third party. However, drinking, standing alone, cannot be equated with intoxication, nor can the use of alcoholic liquor, standing alone, characterize a person as intoxicated. (*Shore v. Turman*, 63 Ill.App.2d 315, 210 N.E.2d 232.) Accordingly, questions cannot be asked which intimate to the jury that a party was intoxicated at the time of the accident unless there is supporting evidence (*Clarke v. Rochford*, 79 Ill.App.2d 336, 224 N.E.2d 679.); in the absence of supporting evidence, testimony concerning the drinking of intoxicants should be stricken (*Warp v. Whitmore*, 123 Ill. App.2d 157, 260 N.E.2d 45.), and under certain circumstances, may constitute reversible error notwithstanding a sustained objection. *Miller v. Chicago Transit Authority*, 3 Ill.App.2d 223, 121 N.E.2d 348.

■■ In the present case, the ruling of the trial judge was imminently

proper.[2] In his attempt to elicit evidence of intoxication from Ronald Ballard, defense counsel could offer no supporting evidence, nor did he make an offer of proof. In the second instance, although an offer of proof was made, it clearly demonstrated the officer's testimony would only unfairly intimate the intoxication of Ronald Ballard.

The defendant next assigns as error the trial court's refusal of the following instruction based on IPI 5.01:

"If a party to this case has failed to produce a witness within her power to produce, you may infer that the testimony of the witness would be adverse to that party if you believe each of the following elements:

1. The witness was under the control of the party and could have been produced by the exercise of reasonable diligence.
2. The witness was not equally available to an adverse party.
3. A reasonably prudent person under the same or similar circumstances would have produced the witness if she believed the testimony would be favorable to her.
4. No reasonable excuse for the failure has been shown."

Defendant argues that the absence, at trial, of three of the passengers in the Ballard vehicle, when coupled with an inadequate explanation of their absence, provided a sufficient basis for giving the instruction. The record reveals that of the six occupants of the Ballard car, three testified; the other three were out-of-state residents, although two were related to the Ballards. During plaintiff's opening statement, counsel stated that three of the passengers would not be present to testify; two could not get off work, and one had suffered a nervous breakdown. However, at trial, the testimony only indicated that the three out-of-state witnesses were unavailable.

Under the rule of the tendered instruction, a party is not bound to introduce every witness who might know something about the matter at issue at the risk of being burdened with an unfavorable inference because of his failure to do so. (See *People v. Moore*, 52 Ill.App.2d 27, 201 N.E.2d 619; 20 Am. Jur. *Evidence* sec. 187.) When there are multiple occurrence witnesses, (not all of whom testify, the granting of this instruction should be within the sound discretion of the trial court. See

---

[2] Generally, evidence is admissible to demonstrate the defects of the witness's sensory or mental capacity. However, we recognize that at the present time only the following cases support evidence of drinking in the absence of further evidence of intoxication: *Maland v. Tesdall*, 232 Iowa 959, 5 N.W.2d 327; *Labrecque v. Donham*, 236 Mass. 10, 127 N.E. 537; *Sanders v. Armour & Co.* (Mo. App.), 292 S.W. 443; *Goettelman v. Stoen* (Iowa), 182 N.W.2d 415.

*Hildebrand v. Baltimore & Ohio R. R. Co.,* 41 Ill.App.2d 217, 190 N.E.2d 630.

■■ Three of the six passengers of the Ballard vehicle testified to the occurrence, in addition to an independent occurrence witness who was brought in, at plaintiff's expense, from California. Therefore, the testimony of both plaintiff and her husband was corroborated. Furthermore, although no competent explanation was given for the unavailability of the remaining three, they were out-of-state residents. Given these considerations, we think the trial court did not abuse its discretion in refusing the instruction.

It is lastly contended that the court erroneously allowed into evidence the opinion of a witness on an ultimate issue in the case. Officer Versteegh testified for defendant that he did not observe anything obstructing the stop sign on the northwest corner of Diversey and Paulina. He further testified that he had never made an examination of any foliage in the parkway of Diversey and Paulina to determine its relative position with respect to the stop sign. During cross-examination, plaintiff was permitted, over objection, to read the following statement, signed by the officer, for purposes of impeachment: "The Ballard car going south on Paulina, the car, the driver could not see stop sign because of foliage and darkness." On redirect examination, in an endeavor to rehabilitate the witness, it was adduced that the statement had been prepared by plaintiff's investigator and that the witness had signed it, but had done so only on the basis of photographs of the intersection which had been shown to him approximately a month after the occurrence. He reiterated that he had not personally examined the parkway foliage at Diversey and Paulina. Defense counsel renewed his objection and moved for a mistrial. The trial court held the statement to be proper impeachment.

Defendant initially argues that the statement was not proper impeachment in that it did not contradict the testimony that the officer had never personally made an examination of the foliage in the parkway. Moreover, defendant asserts, assuming the presence of an inconsistency, it is error to admit statements of opinion on the ultimate issue in a case even though introduced solely for impeachment purposes. Defendant refers us to *Allen v. Yancy,* 57 Ill.App.2d 50, 60, 206 N.E.2d 452, wherein the court stated:

> "Our courts have held that admission of this kind of testimony is error. In order to preserve the independence of the jury, it has been held that a witness may not give his opinion on an ultimate issue in the case. *Wawryszyn v. Illinois Cent. R. Co.,* 10 Ill.App.2d

394, 135 N.E.2d 154; *Gillette v. Chicago,* 396 Ill. 619, 72 N.E.2d 326. * * *

These rules apply to the admissibility of prior statements in an attempted impeachment. It is error to admit statements of opinion on the ultimate issue in a case whether they are introduced on cross-examination of the impeached witness (*Central R. Co. v. Allmon,* 147 Ill. 471, 35 N.E. 725) or whether they are introduced on examination of the impeaching witness (*Northern Milling Co. v. Mackey,* 99 Ill.App. 57, affd 210 Ill. 115, 71 N.E. 448).″

■■ We agree that the previous statement of Officer Versteegh not only failed to impeach his testimony, but also improperly allowed into evidence an opinion of the witness. Whether, as defendant urges, the previous statement may be characterized as an opinion on an ultimate issue, or is merely improper opinion evidence, is not singularly decisive; it was error in either case and warrants, in our opinion, reversal of the judgment. In so holding, we are not unmindful that the object of review by this court is not to determine whether the record is completely free of error, but to ascertain whether upon the trial there has been such error as might prejudice the rights of a party. *Nelson v. Union Wire Rope Corp.,* 31 Ill.2d 69, 199 N.E.2d 769.

It was incumbent upon plaintiff to prove that defendant breached a duty owed to plaintiff, and under the allegations of the complaint, plaintiff had the burden to establish that the stop sign was obscure by foliage from one driving in a reasonable manner. At trial, the issue of whether the stop sign was obscured by foliage from the view of Ronald Ballard was crucial. As earlier noted, defendant disputed the weight to be given plaintiff's photographic evidence of the intersection because the photographs were taken from a point far higher than that of one seated in an automobile, thus resulting in a distortion of perspective. Defendant presented an expert witness on this point, and also submitted photographs taken at a lower elevation which depicted the stop sign as being discernible.

In view of the contradictory photographic evidence, the previous statement of Officer Versteegh affirmatively interpreted the causal relationship between the conduct of Ronald Ballard and the visibility of the stop sign. Its effect was to establish that the City of Chicago breached a duty owed to Donna Ballard.

The prejudicial effect of the improper impeachment, substantial in itself, was compounded by the fact that the statement of opinion was made by a police officer who was both an employee of defendant and one of its witnesses. During closing argument, counsel for plaintiff was allowed to emphasize that point:

"The officer at the time we took it, his statement, didn't know the City of Chicago was a party, so he said it was dark there and the foliage obstructed the stop sign. A month after the accident.
DEFENSE COUNSEL: Objection, Your Honor.
THE COURT: Overruled, proceed.
At the trial he tried to change his story because then his employer was a party to the suit."
In view of the foregoing, we cannot say that the error was harmless. Accordingly, the judgment is reversed and remanded for a new trial.

Reversed and remanded.

HAYES, P. J., and DOWNING, J., concur.