JEFFREY TAYLOR, Plaintiff-Appellant, v. MANHATTAN TOWNSHIP PARK DISTRICT, Defendant-Appellee.

Third District No. 3—85—0095

Opinion filed October 23, 1985.—Rehearing denied December 12, 1985.

Thomas P. Naughton and Marc A. Perper, both of Horwitz, Horwitz & Associates, Ltd., of Chicago, for appellant.

James R. Fabrizio, of Garrison, Fabrizio & Hanson, Ltd., of Joliet, for appellee.

JUSTICE STOUDER delivered the opinion of the court:

The plaintiff, Jeffrey Taylor, filed a complaint to recover damages from the defendant, Manhattan Township Park District (hereinafter park district). The plaintiff was injured while driving his motorcycle through a parking lot owned by the park district. The jury returned a verdict of $13,300 in favor of the plaintiff, but the award was reduced to $3,325 based on a finding that the plaintiff was 75% negligent. On appeal, the plaintiff argues that various evidentiary errors deprived him of a fair trial and that the jury improperly returned a compromise verdict. We affirm.

The evidence introduced at trial revealed the following facts. On July 6, 1983, the park district placed two telephone poles across a parking lot so as to prevent speeding by motorists and to direct traffic onto an access road to the park. On the night of July 8, 1983, the plaintiff went to the park to visit some friends. Upon leaving the park, the plaintiff drove his motorcycle through the parking lot and struck one of the poles. As a result of the collision, the plaintiff sustained a fractured skull and other injuries.

During closing arguments, the plaintiff requested the following amounts for damages: $8,000 for medical expenses; $10,000 for pain and suffering; and $25,000 for disability resulting from the injuries. The jury, finding that the plaintiff incurred $13,300 in damages, reduced the award to $3,325 on the basis that the plaintiff was 75% comparatively negligent. The plaintiff's motion for a new trial was denied, and the plaintiff brought the instant appeal.

On appeal, the plaintiff initially argues that the trial court

erred in admitting a deposition statement made by one of the plaintiff's witnesses, Bradley Buzzard. At trial, counsel for the park district was allowed to introduce the following exchange from the deposition:

"QUESTION: Did you speak with Jeff after you got that subpoena?

ANSWER: I told him I got a subpoena to go to the Court for his stupid mistake."

The defendant argues that the witness' reference to the plaintiff's "stupid mistake" constituted opinion evidence as to the ultimate issue of the plaintiff's comparative negligence and was, therefore, inadmissible.

It is well established that a lay witness may not testify to his opinion on an ultimate issue in a case. (*Allen v. Yancy* (1965), 57 Ill. App. 2d 50, 206 N.E.2d 452.) The purpose of such a rule is to preserve the independence of the trier of fact. *Ballard v. Jones* (1974), 21 Ill. App. 3d 496, 316 N.E.2d 281.

We find in the case at bar that the disputed comment of the witness was properly admitted by the trial court. The deposition statement was introduced by defense counsel during cross-examination because the witness could not remember specific aspects of a conversation which he had with the plaintiff. Consequently, the purpose of the deposition statement was not to introduce opinion evidence on an ultimate issue but to simply show that the witness' lack of recall regarding the conversation conflicted with his prior statements. The disputed remark was, therefore, admissible because it constituted a proper basis of cross-examination.

■ The plaintiff next contends that the trial court erred in admitting evidence relative to the park district's "forlorn" economic condition. In support, the plaintiff alleges that the park district improperly elicited testimony that it has only so much money in a given year. The plaintiff also asserts that error was committed when defense counsel was permitted during closing argument to comment on the park district's alleged financial limitations. As the plaintiff correctly notes, evidence which relates to the wealth or poverty of a party is inadmissible. *DiPaolo v. Johnson* (1973), 15 Ill. App. 3d 735, 305 N.E.2d 194.

In the instant case, the record does not support the plaintiff's contentions that the park district introduced evidence of its financial limitations and thereby prejudiced the jury. The comment that the park district has "only so much money" was in reference to the park district's various projects, and it was not elicited by defense counsel but was in response to a question posed by the plaintiff's attorney con-

cerning the nature of the park district. We find, therefore, that the trial court did not err in allowing this testimony. We note also that it was the plaintiff who chose to question the same witness about the park district's taxing authority. The plaintiff cannot now object to the testimony which he himself sought to introduce.

We also disagree with the plaintiff's contention that the park district improperly commented on its financial limitations during closing argument. The plaintiff's assertion of error here is premised on the following exchange which occurred during the plaintiff's rebuttal argument:

"Plaintiff: We brought in independent witnesses ***. Don't you think with the evidence, there were 10 or 15 people in the park, don't you think the Manhattan Park District has the resources—

Defendant: I object to that. *** The Park District does not have an investigator on the payroll. That was not in the argument and that's improper and I object to it."

According to the plaintiff, the park district's reference to "an investigator" was prejudicial because it placed before the trier of fact the limited financial resources of the park district.

■ We find the plaintiff's argument to be without merit. Once again, the plaintiff is ascribing to the disputed remark an implied inference which is not supported by an examination of the record. The park district was simply objecting to what it believed was an improper reference in the plaintiff's rebuttal argument. We also note in this regard that it was the plaintiff who first referred to the alleged resources of the park district. As stated previously, the plaintiff cannot object to a reference which he initiated by his own comments. The plaintiff's assertion of prejudicial error is even less tenable because the park district's objection was overruled by the trial court. For these reasons, therefore, we conclude that the park district did not make an improper reference to its financial condition.

■ In the plaintiff's third and final argument concerning alleged evidentiary error, it is asserted that the trial court erred in admitting evidence pertaining to prior incidents of driving misconduct by persons other than the plaintiff. The plaintiff contends that such evidence was not probative and resulted in prejudice to him. We again disagree.

The evidence relative to driving misconduct by other persons was introduced for the purpose of explaining the prior traffic problems at the park. Such evidence was thus relevant in showing why the park district felt it was necessary to use the telephone poles as a means of

controlling the park's traffic. Since one of the issues before the court was whether the use of the poles was reasonable in terms of the problem confronting the park district, we conclude that the evidence was properly admitted by the trial court. The record clearly supports the relevancy and propriety of this testimony.

 The final issue raised by the plaintiff on appeal is that the jury improperly returned a compromise verdict. The plaintiff argues that the trial court should have granted him a new trial on the basis of this erroneous verdict by the jury.

It is well accepted that compensation for personal injuries is a question for the trier of fact. (*Romine v. Scott* (1970), 130 Ill. App. 2d 649, 264 N.E.2d 537.) A verdict is adequate if it is within the range of the evidence presented. (*Eckdahl v. Lease-A-Plane International Licensing Corp.* (1979), 69 Ill. App. 3d 864, 388 N.E.2d 62.) An award of damages, however, which does not bear a reasonable relationship to the evidence is an indication of a compromise verdict. (*Svetanoff v. Kramer* (1979), 80 Ill. App. 3d 575, 400 N.E.2d 1.) A court of review will not disturb a trial court's finding as to damages unless that finding is manifestly against the weight of the evidence. *Finance America Commercial Corp. v. Econo Coach, Inc.* (1983), 118 Ill. App. 3d 385, 454 N.E.2d 1127.

In the instant case, the jury's award of $3,325 was based on a finding that the plaintiff was 75% comparatively negligent. Although the evidence at trial was conflicting in many respects, we find that the jury was presented with sufficient evidence to support its assessment of damages.

One of the primary issues in dispute concerned the speed of the plaintiff's motorcycle as it approached the telephone poles. The plaintiff alleged that he was traveling at a speed of 10 to 20 miles per hour, but there was other evidence to suggest that his speed may have been as high as 35 to 40 miles per hour. The posted speed limit in the area of the parking lot was five miles per hour. Another factor relating to the issue of the plaintiff's negligence was that the plaintiff should have left the park by using the proper access road rather than driving through the parking lot. Although the plaintiff contended at trial that he was unaware of the fact that the poles had been placed in the lot, there was other testimony presented which disputed this assertion.

 The plaintiff contends that the jury's initial finding of $13,300 in damages did not give him adequate compensation for his pain and suffering and for disability resulting from his injuries. Although the plaintiff's injuries were serious, the plaintiff's treating physician did

testify that a good surgical result was obtained. Medical evidence further indicated that with the exception of one seizure, the plaintiff suffered no serious repercussions from the accident. The plaintiff was thus able to resume all normal activities. The plaintiff's physician also testified that the plaintiff should not experience any future problems as a result of the accident. We conclude, therefore, that the record supports the jury's assessment of the plaintiff's injuries.

We find no basis for disturbing the jury's verdict as to damages and degree of liability. The trial court's determination was not against the manifest weight of the evidence.

Accordingly, the judgment of the circuit court of Will County is affirmed.

Affirmed.

HEIPLE, P.J., and SCOTT, J., concur.